Anne S. Dodd, Plaintiff, *v.* Robert W. Boenig, Defendant.

(Supreme Court, Nassau Special Term, January, 1921.)

Title — action to quiet — tax deed — real property — Tax Law, §§ 132, 134.

> In an action to quiet title brought by the owner in possession of certain real property against the purchaser at a tax sale who never was in possession, to set aside and cancel the tax deed given to defendant by the county treasurer, it appeared that through a clerical error in the tax office a double assessment was levied against the property, one running against the owner, which was paid, and one against an unidentified person. *Held,* that the recording of the tax deed without proof of service of the notice required by section 134 of the Tax Law, which the purchaser at the tax sale did not give, was void, and that plaintiff was not barred by section 132 of the Tax Law from asserting her right to have the tax deed canceled.

Action to quiet title.

Philip Huntington, for plaintiff.

Edwin D. Kenyon, for defendant.

Squiers, J. This is an action brought by the owner in possession of certain property situated in the village of Sea Cliff, town of Oyster Bay, county of Nassau, against the purchaser at a tax sale to set aside and cancel a tax deed given by the treasurer of Nassau county to the defendant.

On the 9th day of October, 1906, the property in question was conveyed to the plaintiff by the Salvation Army. The property covered by said deed, consisting of lots 407, 408, 409, 448, 449, 1687, house and lots 450 and 451, was assessed for the year 1907

against M. M. Dodd (who was presumably the husband of the plaintiff), and the tax levied upon such assessment was paid on July 24, 1908. It appears from the tax records offered in evidence on the trial that lot 451 for the year 1907 was also assessed against one Miss Stanley.

The property covered by the aforesaid deed to the plaintiff was also assessed for the year 1910 and the tax based on said assessment was paid. For that year also an assessment was levied against lot 451 in the name of Miss Stanley and such tax does not appear from the records to have been paid. For the year 1911 an assessment was levied against the property covered by the deed running against M. M. Dodd, which tax was paid on March 9, 1912. A similar tax was levied against M. M. Dodd for the year 1912 affecting said property, which was paid on March 4, 1913. Again lot 451 was assessed for the year 1911 running against Miss Stanley. Subsequently, as shown by the sales blotter of the town of Oyster Bay, offered in evidence on the trial, lot 451 was sold for unpaid taxes assessed against Miss Stanley, the amount of the tax being one dollar and eighty-five cents, and was purchased by the defendant for the sum of three dollars and forty cents. Subsequently there was delivered to the defendant, the purchaser on said tax sale, a tax deed dated December 20, 1910, and executed by the treasurer of Nassau county, purporting to convey lot 451, being one of the lots covered by the deed to the plaintiff heretofore referred to. At a later date lot 451 was sold for the taxes for the years 1910, 1911, 1912 and was purchased at the sale by the defendant herein on the 24th day of December, 1915, for the sum of ten dollars and eighty-eight cents. The defendant recorded his first tax deed, and it is apparent that this is the deed upon which he relies to defeat

the plaintiff's action. After the purchase of the property by the plaintiff in 1906, she caused to be erected upon lots 450 and 451 during the winter 1906 and 1907, a dwelling house, which ever since has been and still is on the lots in question. In the month of December, 1910, the house and lots in question were rented by the plaintiff to one Franklin B. Myrick, who entered into occupancy on the 29th day of April, 1910, and remained in occupancy as tenant continuously for a period of six years. It is clear from the evidence that through a clerical error in the tax office of Nassau county a duplicate double assessment was levied against lot 451, one running against the owner and one running against Miss Stanley, who is not identified by the evidence adduced at the trial.

In spite of the able, exhaustive brief presented by the attorney for the defendant, it is unthinkable that an owner of property should be ousted from his ownership through an error made by a clerk in the tax office. The assessment attempted to be levied against the property in the name of Miss Stanley was absolutely void, and, therefore, the tax sale and all proceedings prior thereto and subsequently, were void *ab initio*. The tax which was properly levied against the owner was paid. The case of *Wallace* v. *International Paper Co.,* 53 App. Div. 41, holds that section 132 of the Tax Law refers to authorized sales and touching deeds given in pursuance thereof (at p. 43) : '' Such authorized deeds are made conclusive evidence of title after the lapse of a given time; but no unauthorized deed based upon an unauthorized sale, a sale where there were no unpaid taxes to warrant it, was intended to be covered by this section of the Tax Law. * * * Section 132 reads, ' every *such* conveyance,' etc. That is, conveyance on a sale for unpaid taxes.''

"A sale for two taxes when one has, in fact, been paid invalidates the sale." *Loomis* v. *Semper*, 38 Misc. Rep. 570.

In *Wallace* v. *McEchron*, 176 N. Y. 424, the Court of Appeals construed and interpreted section 132 of the Tax Law. This was an action in partition affecting certain unimproved lands in Hamilton county. One of the defendants claimed an interest in the property in question by virtue of a tax deed from the comptroller of the state of New York bearing date December 29, 1886, and subsequently recorded. The trial court found among other facts that in November, 1886, the owner applied to the comptroller of the state for a statement of the unpaid taxes upon the property, and the comptroller rendered such statement to the owner who paid the taxes. Such statement did not contain a statement of a road tax for which tax the property was subsequently sold by the comptroller. The holder of the tax title, as here, contended that the failure of the plaintiffs to bring any action within the period of time limited by section 132 of the Tax Law barred and divested all the plaintiffs' rights. At page 427 the court said:

" It has been decided by this court that where the default of the taxpayer is caused by the failure of the public officer or his clerks to render a proper statement of the unpaid taxes, a sale made for unpaid taxes omitted from the statement cannot divest the owner of his title.  *  *  *

"The sale of the lands to Curtis and Baker was, therefore, void as against the plaintiffs, and we are thus brought to a consideration of the effect of the record of the comptroller's deed under section 132 of the Tax Law.  *  *  *

" Such statutes have been viewed by this court both as curative acts and as statutes of limitations. It is

to be observed, however, that none of them has been enacted in the ordinary form either of a curative act or of a statute of limitations. In terms they provide that after a certain lapse of time and in certain con- tingencies a comptroller's deed shall be conclusive evi- dence of certain facts. It, therefore, becomes neces- sary when any case involving the construction and effect of one of these statutes is presented to closely scrutinize and carefully analyze the statute to see whether as to such case the statute applies, and if. applicable, whether its operation is that of a curative act or of a statute of limitations.''

At page 429: '' Where the proceedings are so fatally defective that no title passes, it cannot by a curative act transfer the title of one person to another.''

A fair interpretation of the law as laid down in this case would apply equally if the act is applied as a statute of limitation. The instant case is distinguish- able from the case of *Doud* v. *Huntington Hebrew Congregation,* 178 App. Div. 748. In that case the purchaser at the tax sale was in possession. In the instant case the purchaser at the tax sale was never in possession. Mr. Justice Blackmar, writing the opinion, said at page 749:

'' No legislative fiat can validate the sale of the land of Emma Baker to satisfy the debt of Eunice Baker. (*People ex rel. Boenig* v. *Hegeman,* 220 N. Y. 118.)

''But although no act of the Legislature can val- idate the sale, it is competent for the Legislature to pass a statute limiting the time within which plaintiff may maintain an action attacking such sale. ' Such a statute will bar any right, however high the source from which it may be deduced, provided that a reason- able time is given a party to enforce his right.' (*Meigs* v. *Roberts,* 162 N. Y. 371, 378. See, also,

*Peterson* v. *Martino,* 210 id. 412; *Bryan* v. *McGurk,* 200 id. 332; *People* v. *Ladew,* 189 id. 355.)''

A tax sale contemplates a valid and not a void assessment on which the tax in question is based. The case cited was a case of a duplication of the assessment and tax.

*Bryan* v. *McGurk,* 200 N. Y. 332, is distinguishable from the instant case as that was a case of unoccupied, wild land, whereas the case under consideration is occupied land. Quoting from the opinion of Justice Blackmar, *supra,* that: '' Such a statute will bar any right   *   *   * provided that a reasonable time is given a party to enforce his right,''— this is exactly what was not done in the case now under consideration. Section 134 of the Tax Law provides for a notice to occupants and prescribes definitely the manner of service of the notice, and the concluding sentence thereof provides, '' No conveyance made in compliance of this section shall be recorded until the expiration of the time mentioned in such notice, and the evidence of the service of such notice shall be recorded with such conveyance.''

It is clear from the reading of this section with section 132 that the mere recording of the deed where the property is occupied is not notice either actual or constructive to the occupant. The court finds as a matter of fact in the instant case that the property in question was occupied continuously within the meaning of that term, and that no notice such as is required by section 134 was served upon the occupant. Therefore, section 132 of the Tax Law, which the defendant relies upon as a statute of limitations in this action, does not operate as a statute of limitations in view of the fact that the occupant never had the notice provided for in section 134, and, therefore, the plaintiff is not barred from asserting her right in this action

to cancel the tax deed. The recording of the tax deed without the proof of the service of the notice provided for in section 134 of the Tax Law is void. See *Matter of Hunter,* 189 App. Div. 805, in which Mr. Justice Jaycox says: " Owners of occupied lands cannot be deprived of their title except by strict compliance with this section. Evidence of compliance therefore is expressly required to be recorded with the conveyance and without it the record is absolutely void." *Ostrander* v. *Reis,* 206 N. Y. 448, 454, 455.

In *Clason* v. *Baldwin,* 152 N. Y. 210, the defendant asserted a title based upon a lease by the comptroller of the city of New York upon a sale for unpaid taxes. The court at page 210 said: " The proceedings were purely statutory, and the title of the owner could not be divested without a strict compliance with all the provisions of the statute. In such cases every requisite of the statute, having the semblance of benefit to the owner, must be substantially, if not strictly, complied with."

In the instant case the purchaser did not strictly comply with the provisions of the statute, in that he failed to serve the notice required by section 134 of the Tax Law, and therefore the title which he asserts must fail.

Under the General Recording Act it has been held that the recording of a deed is not notice to the owner in possession who does not claim title through any party to the deed. See *Seely* v. *Seely,* 164 App. Div. 652: "A recorded deed under the Recording Act is constructive notice to subsequent purchasers and incumbrancers. It is no notice to the owner in possession who does not claim through any party to the deed."

" The recording acts, however, do not declare what effect shall be given to the recording of conveyances,

upon the point of notice. They declare that unless recorded, they shall be void as against subsequent purchasers in good faith, and for value, whose conveyances shall be first recorded. But the courts, by construction, make the record of a conveyance, notice to the subsequent purchasers; but this doctrine is subject to the limitation, that it is notice only, to those claiming under the same grantor, or through one who is the common source of title." *Tarbell* v. *West,* 86 N. Y. 288.

The defendant cannot, therefore, rely upon the General Recording Act in asserting his title under the tax deed.

For the reasons stated, judgment is granted plaintiff, with costs.

Judgment accordingly.