WILLIAM B. ROSE, Respondent, v. CLAYTON H. ELLIOTT and Others, Appellants.

Third Department, November 11, 1926.

Taxation — action in replevin to recover personal property or value — said property was sold to plaintiff by tax collector in proceedings to collect tax assessed against mill of one of defendants — contention by defendant that mill was on land belonging to another not supported by evidence — mill of said defendant was on two prior assessment rolls — defense of double assessment not shown — assessors had jurisdiction of property and person — failure of assessors to comply with Tax Law, § 39, requiring certification and filing of assessment roll on or before September fifteenth, is not fatal — said section is directory and delay of eight days did not render entire roll void — tax collector had right to sell said personal property under Tax Law, § 71.

In an action in replevin to recover the possession of certain wood, or its value, which had belonged to one of the defendants but had been sold to the plaintiff by the tax collector in proceedings to collect taxes assessed against a mill

belonging to said defendant, the defense interposed that the assessment and tax levied thereon were invalid on the ground of a double assessment, is not supported by the evidence, since it appears that the assessment roll contained an assessment of said defendant's mill and named said defendant as the owner or reputed owner thereof without describing or mentioning any parcel of land in connection therewith; that said owner was the owner of the mill; and that the contention that another person owned the real property on which the mill was placed was not proven, since there was no deed or other documentary evidence to that effect, and the only evidence offered was the testimony of said alleged owner; and furthermore it appears that the mill in question had been on at least two prior assessment rolls in the same form and manner and the taxes had been paid by said mill owner.

The assessment roll on its face is regular in form, and since the property was within the tax district and the alleged owner a resident thereof, the assessors had jurisdiction, both of the person of the owner and of the property, and they were justified in believing that the mill was on real estate which belonged to said owner, since he had been the sole occupant for more than six years, and furthermore, the mill could properly be assessed as real estate although the land on which it rested belonged to another.

The contention by the defendants that the entire tax roll for the year in question was illegal and void, because a copy of the completed and verified assessment roll was not certified and filed by the assessors on or before the fifteenth day of September, as required by section 39 of the Tax Law, is without merit, for the direction contained in said section is directory and not mandatory, and the mere delay, as in this case, of eight days in filing the roll does not make the entire assessment roll null and void.

The collector of taxes had the authority, under section 71 of the Tax Law, to levy upon the personal property in question and to sell the same for the purpose of collecting the taxes, and, therefore, the plaintiff acquired a good and legal title to the property.

APPEAL by the defendants, Clayton H. Elliott and others, from a final judgment of the County Court of the county of St. Lawrence in favor of the plaintiff, entered in the office of the clerk of said county on the 26th day of January, 1926, with notice of intention to bring up for review an order entered in said clerk's office on the same day, directing that the judgment rendered by a justice of the peace on the 23d day of May, 1925, be affirmed.

*Allan L. Gurley,* for the appellants.

*George H. Bowers,* for the respondent.

VAN KIRK, J. The action was brought to recover certain wood, or its value, which had belonged to the defendant Clayton Elliott, but which had been sold to plaintiff by the tax collector in proceedings to collect taxes assessed against defendant Elliott's mill.

The appellants object that one tax had been paid on the land on which the Elliott mill was constructed and that " the sale for double assessment is a jurisdictional defect " which rendered the assessment void. We think there was no double assessment. An assessment for real property stands against the property and

not against the owner. The name of the owner is placed in the assessment roll merely as an aid to identify the real property assessed. (Tax Law, § 55-a, as amd. by Laws of 1916, chap. 323, and renumbered from § 63, as amd. by Laws of 1911, chap. 315.) On the assessment roll here are two assessments to be noted: (1) Of a feed store on Park street in the village of Canton, naming George Stacy as the owner or reputed owner; (2) of " Mill back of Stacy's Mill " on Park street in the village of Canton, naming Clayton Elliott, one of the appellants, as the owner or reputed owner. There is no description or mention of any parcel of land contained in either assessment. Elliott was the owner of the mill back of Stacy's mill. There was no deed of real estate offered to show title to the land on which the Elliott mill was constructed, but Stacy testified that he owned the land. It is said that there was a lease between Stacy and Elliott in respect to Elliott's mill, but no lease is in evidence. Stacy did not pay a tax on the Elliott mill, nor did he, so far as the evidence shows, on the land on which the Elliott mill stood. There has been no double assessment of the Elliott mill or of the land on which it stood; the two mills have been separately assessed. The Elliott mill had been in at least the two previous years assessed in the same form and manner as it is at present assessed and the taxes were paid by Elliott.

All the proceedings for a legal assessment, except one to be hereinafter mentioned, are conceded to have been regularly taken and the necessary notices given prior to grievance day. Elliott did not appear before the assessors on grievance day, nor did he make any objection in any form to the assessment of the property as his until the payment of the tax was demanded as required by the Tax Law. On its face the assessment of Elliott's mill is regular in form. Elliott was a resident of the tax district at the time of the assessment; the mill is located in the tax district and was assessed there. (Tax Law, § 3; Id. § 9, as amd. by Laws of 1916, chap. 323.) The assessors, therefore, had jurisdiction of the person and of the property; they were justified in believing that the mill was real estate and that Elliott was the owner. Elliott had been the sole occupant of this mill for six years or more. The assessment was legal. One person may be the owner of land and another of a building thereon; in such case each may be assessed to its owner; and the building may be assessed as real estate. (*Matter of Long Beach Land Co.*, 101 App. Div. 159.)

Appellants further claim that all the taxes assessed by the town of Canton for the year of 1924 are illegal and void because a copy

of the completed and verified assessment roll was not certified and filed by the assessors on or before the fifteenth day of September. (Tax Law, § 39, as amd. by Laws of 1924, chap. 491.) Such copy was in fact filed on or about the twenty-third day of September and presumably as soon as the assessment roll had been "finally completed and verified." A reading of the preceding sections of the Tax Law providing for the hearing of complaints (§ 37, as amd. by Laws of 1924, chap. 491) and for the correction of the tax roll (§ 38, as amd. by Laws of 1916, chap. 323) convinces us that the provision for filing the certified copy in the town clerk's office on or before the fifteenth day of September is directory. The copy could not be filed until the roll was completed and verified. We find no authority holding that such delay renders the tax roll void. It might very well be that, because of many complaints and necessary changes in the roll due thereto, it would be impossible for assessors to complete the roll and file the certified copy on or before the day named; and we think it would be entirely unreasonable to hold that, because assessors had of necessity been unable to obey the words of the statute, therefore the municipality can raise no funds by taxes for that year. It does not appear that any taxpayer has been prejudiced by the delay, and the failure to file on the day named is at most but an irregularity. (See *People ex rel. Am. Ex. Nat. Bank* v. *Purdy*, 196 N. Y. 270; *People ex rel. Bridgeport Sav. Bank* v. *Feitner*, 191 id. 88, 100.) The irregularities in the assessment, if any, cannot be attacked collaterally, but must be reviewed by certiorari. (*United States Trust Co.* v. *Mayor, etc.*, 144 N. Y. 488; *Robinson* v. *Rowland*, 26 Hun, 501.)

Because of certain cases cited by appellants, it may not be out of place to recall that, under earlier Tax Laws of this State, real estate was assessed in the name of the "owner or occupant." Such requirement is not in our present Tax Law.

The requirements of the statute have been fully complied with; payment of the tax has been demanded from Elliott; the wood levied upon and sold at public auction was at his mill and was his property. Elliott was the person "who ought to pay the tax." He was assessed for his own property, a mill which is presumed to be real estate. "If the owner of a parcel or portion of real property is a resident of the tax district in which such parcel or portion of real property is assessed, and his name is correctly entered on the assessment-roll, he shall be personally liable for the tax assessed against such parcel or portion of real property. If any person shall neglect or refuse to pay any tax imposed on him, the collector shall levy upon any personal property in the county belonging to or in the possession of any person who ought to pay

the tax, and cause the same to be sold at public auction for the payment of such tax. * * *." (Tax Law, § 71, as amd. by Laws of 1917, chap. 356.) It is not claimed that there was any overvaluation of the mill as a separate piece of property. The sale of the wood was lawful and the plaintiff, the purchaser at the sale, acquired title thereto.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.