MIDDLE ISLAND LAND AND WATER COMPANY, Appellant, Respondent, *v.* NATHAN M. HUTNER, Respondent, Appellant, and EMMA CATTANACH and Others, Defendants.

By Original Summons and
Between the Said

NATHAN M. HUTNER, Respondent, Appellant, *v.* MIDDLE ISLAND LAND AND WATER COMPANY, Appellant, Respondent, and EMMA CATTANACH and Others, Defendants, and THE COUNTY OF SUFFOLK, Brought in as a Party to Answer the Counterclaim Herein, Defendant.

Second Department, April 19, 1940.

*William Harvey Smith* [*H. Schieffelin Sayers* with him on the brief], for the appellant-respondent.

*Solomon Kaufman*, for the respondent-appellant.

CARSWELL, J. Plaintiff brought an action to foreclose a mortgage on certain land in Suffolk county executed by defendants Cattanach and others to plaintiff on December 15, 1931. It was a purchase-money mortgage on about two and one-half acres of land under the water of Lake Ronkonkoma, conveyed that day by plaintiff to defendants Cattanach and others, and a first mortgage on a portion of an adjoining thirteen and one-half-acre upland parcel which then vested in the defendants Cattanach and others. Plaintiff joined Nathan M. Hutner as a defendant. He had a recorded tax deed dated December 6, 1937, the description in which he claimed conveyed the thirteen and one-half-acre upland parcel of Cattanach and others, and the adjacent land under water to the center of the lake, including the two and one-half acre plot. Hutner, by a counterclaim and cross-complaint, sought alternative relief against plaintiff and the County of Suffolk.

The Special Term held that the tax deed to Hutner gave him title not only to the thirteen and one-half-acre upland plot but also to the two and one-half-acre plot under water. It rejected Hutner's claim to all the land under water beyond the two and one-half-acre plot to the center of the lake. Hutner appeals from the judgment in so far as it relates to the latter holding. Plaintiff appeals from the judgment in so far as it sustains the tax deed of Hutner as superior to plaintiff's mortgage lien and dismisses its complaint against him.

By a deed recorded January 31, 1849, William H. Ludlow conveyed to Edgar F. Peck the upland around Lake Ronkonkoma. In 1852 William H. Ludlow conveyed Lake Ronkonkoma to Edward R. Boyle, from whom, by mesne conveyances, plaintiff acquired title to the bed of the lake. (*Townsend* v. *Trustees of Brookhaven*, 97 App. Div. 316; retrial, 116 id. 929; affd., 191 N. Y. 552; *Middle Island Land & Water Co.* v. *Terry*, 240 App. Div. 998.)

The Ludlow-Peck deed is concededly the source and gives the scope of the Cattanach and others upland title. The description in that deed ran the course or boundary line " along the south shore " of Lake Ronkonkoma.

The general rule is that a grant of land adjacent to an inland non-navigable body of water carries title to the center line thereof unless the presumption that it is to have such effect is negatived by express words or by a description which clearly excludes the adjacent land under water. A course run by land negatives the presumption; one run by water does not. The language of the Ludlow-Peck deed ran the boundary line along dry land and not along water. It, therefore, negatived the presumption, had a restrictive effect upon the grant and did not convey the adjacent land under water to the center of the lake. (*White* v. *Knickerbocker Ice Co.*, 254 N. Y. 152, 156.)

The thirteen and one-half-acre upland parcel, called herein the Cattanach property, had added to it a two and one-half-acre underwater parcel by purchase thereof by Cattanach and others from the plaintiff on December 15, 1931. The 1933 assessment roll entry against the Cattanach property and the subsequent tax lien certificate and tax deed to Hutner, each described the boundary line of the Cattanach property as " north by lake." This description ran the course or boundary line along water and not along dry land. (*White* v. *Knickerbocker Ice Co.*, *supra*.) This language had no restrictive effect upon the grant, and under the general rule the description presumptively carried to the center of the lake, including the two and one-half-acre parcel purchased from the

plaintiff in 1931 by Cattanach and others. The later mention in the tax deed of thirteen and one-half acres (the quantum of the upland) did not take precedence over or cut down the effect of the language running the course or boundary line. (*Land & Lake Association* v. *Conklin*, 182 App. Div. 546, 549; *Saranac Land & Timber Co.* v. *Roberts*, 208 N. Y. 288, 308.) The tax deed, however, only could have effect as to land which vested in Cattanach and others because it was only such land which the county could tax in 1933 against Cattanach and others, and include in the tax lien upon which the tax deed rested. A tax deed could convey the upland and the two and one-half acres under water. It could not convey to the center of the lake. The county could only convey under the sale based upon the tax lien such property as vested in Cattanach and others through the Ludlow-Peck deed and the grant from plaintiff. Therefore, the tax deed to Hutner was effective to convey to him the tract consisting of the thirteen and one-half-acre upland plot and also the two and one-half-acre plot under water because of the description of the Cattanach and others property in the assessment roll, tax lien certificate and tax deed, unless the tax deed be ineffectual because of a basic defect.

It is a jurisdictional prerequisite to the validity of a tax lien that it relate to property upon which taxes are unpaid. The plaintiff owned the entire bed of the lake before it conveyed the two and one-half-acre plot under water to Cattanach and others in 1931. The county assessed the entire bed of the lake in 1933 against the plaintiff and it paid the taxes so assessed, including those on the two and one-half-acre plot which it did not own. Accordingly, although the descriptions in the assessment roll, tax lien and tax deed assumed to carry to the center of the lake the tax lien on the tract thus described included and was based in part upon a plot on which there were no unpaid taxes and which was, therefore, not subject to a tax lien. The description in the assessment roll, tax lien and tax deed concerned a single tract and that description precluded a segregation of one part of the tract from the other. The tax lien, because of the description, was valid or invalid in its entirety. The tax lien and tax deed to Hutner, therefore, were void because a tax lien against a parcel of land, the taxes on which are paid, is void. (*Bryan* v. *McGurk*, 200 N. Y. 332, 336; *People* v. *Hagadorn*, 104 id. 516, 524; *Wallace* v. *International Paper Co.*, 53 App. Div. 41, 43; *Dodd* v. *Boenig*, 114 Misc. 144, 146; affd., 198 App. Div. 1007; *Levinson* v. *Myers*, 100 Misc. 379, 383.)

It is of no present legal significance by whom the taxes were paid, although plaintiff would have a right to pay taxes on the two and one-half-acre underwater plot despite its not having title thereto, because it had a mortgage lien thereon and, upon making

such payment, could tack the amount thereof to its mortgage. (2 Wiltsie on Mortgage Foreclosure [5th ed. 1939], § 552, pp. 895, 896.)

Accordingly, Hutner has no valid claim to the two and one-half acre underwater plot despite his tax lien and tax deed containing a description which covered the land under water, including that plot; and, as the tax lien and tax deed are invalid in their entirety, the plaintiff's mortgage is in full effect as to the portion of the adjoining Cattanach and others upland plot to which the mortgage lien originally attached.

The segments of the tract which the tax lien and the tax deed purported to cover cannot be segregated. As against the county, Hutner was entitled to all of the land covered by the description in his tax deed, and, since the county could not convey all such property because the basic tax lien was void in its entirety as well as the tax lien certificate and tax deed, Hutner is entitled to judgment against the county for the amounts paid to it, with interest.

The conclusions herein are reached without recourse to the testimony of the assessor.

The judgment should be reversed on the law and facts, with costs to plaintiff Middle Island Land and Water Company against Hutner, and costs to Hutner against County of Suffolk, and judgment in accord with this opinion and decision should be granted in favor of said plaintiff against Hutner and the other defendants, with costs, and in favor of Hutner against the County of Suffolk for the amounts paid by him to it for the tax lien certificate and tax deed, together with interest and costs.

Findings of fact and conclusions of law inconsistent herewith are reversed.

LAZANSKY, P. J., HAGARTY, JOHNSTON and TAYLOR, JJ., concur.

Judgment, etc., accordingly. Settle order on notice.