Hill, P. J.
Appeal from a judgment canceling a tax deed and evicting the grantees from the premises. Appellants-defendants acquired title to real property in the Town of Summit, Schoharie County through a conveyance by the County Treas *519 urer following a sale on October 28, 1938, for unpaid taxes assessed in 1937. The deed was executed and delivered in February, 1940, and recorded in Schoharie County Clerk’s Office on November 8, 1940. Plaintiff-respondent bases his claim of title upon a conveyance dated October 20, 1927, and recorded the following year. The action was commenced in 1946.
The assessment roll for 1937 contained three items against plaintiff-respondent. The third item of seventy acres, value fixed at $250 is not here involved. The second is described as “ 2 Camps ” with no entry under the headings “ Amount of Land ” or “ Full Value of Land Exclusive of Buildings Thereon A search made by the Treasurer of Schoharie County recites concerning this item, “2 camps — no land — $300 valuation on buildings ”. The taxes thereon were paid by plaintiff-respondent, but he did not pay the taxes upon the first item which is described as “ Farm. Northerly side of cross road with boundaries W-Reynolds, S-Highway, E and N Zinner. Amount of land 50 acres, full value of land exclusive of buildings thereon $300, full value of real property including buildings thereon $500.”
The trial court decided the case upon the theory that the assessors were iii error in assessing the twocamps without land, and further that the land which defendants-appellants claim under their tax deed exceeds fifty acres, the amount named in the assessment.
Evidently the camps were built upon a part of the farm. The area appears to be uncultivated forest lands. The assessors were permitted to assess the farm and the camp buildings separately; the fact that they underestimated the acreage is ■without significance. The slightest examination of the items by the taxpayer would have disclosed the facts. Structures may be assessed separately from the land upon which they stand (Rose v. Elliott, 218 App. Div. 287). Separate assessments against forest lands and the minerals thereunder are proper. (Case v. Loomis Talc Corp., 265 App. Div. 296; leave to appeal denied 290 N. Y. 929.) Substantial compliance with regulatory requirements in the statute by assessors is sufficient. (Lancaster S. B. I. Co. v. City of New York, 214 N. Y. 1.)
This plaintiff-respondent has the burden of showing an error in the assessment (People ex rel. Jamaica Water Supply Co. v. Tax Comrs., 196 N. Y. 39; People ex rel. Burke v. Wells, 184 N. Y. 275, 279; People ex rel. Westchester Fire Ins. Co. v. Davenport, 91 N. Y. 574) and he is estopped from questioning the form of the assessment more than five years after the tax *520 deed was recorded. (Mabie v. Fuller, 255 N. Y. 194; Mongaup Valley Co., Inc., v. Orange Rod & Gun Club, Inc., 253 App. Div. 465, affd. 280 N. Y. 582.)
The judgment should be reversed and the complaint dismissed.