G. Robert Witmer, J.
Petitioners have instituted a proceeding against respondent for review of their real property assessments in Corning. Without interposing an answer to the petition herein respondent has moved for dismissal of the petition on the ground that it and the notice accompanying it were not served within 30 days of the final completion and filing of the assessment roll, as provided in section 290-a of the Tax Law.
Petitioners contend (1) that the application is timely because it is made under article 78 of the Civil Practice Act, under which they have four months to proceed, and anyway that it was brought within 30 days of the filing of the assessment roll; *106 (2) that respondent can only raise the objection as to time of institution of the proceeding by setting up such objection and having the court take evidence thereon; and (3) that since the petition charges that the assessment is illegal, the element of time is immaterial.
Article 78 of the Civil Practice Act provides, in section 1286, that where a shorter time limitation is contained in the law under which a proceeding is authorized, such shorter period shall control. Moreover, it has long been held that article 13 of the Tax Law contains the exclusive remedy for review of assessments, and supersedes article 78 of the Civil Practice Act. (People ex rel. Church of Holy Communion v. Assessors, 106 N. Y. 671; Mercantile Nat. Bank v. Mayor of New York, 172 N. Y. 35, 42; City of New York v. Matthews, 180 N. Y. 41, 46; People ex rel. New York Central R. R. Co. v. Bissell, 207 App. Div. 705, 706.) Thus we must look to the Tax Law for the solution of this motion.
It appears from the affidavits in support of this motion that the assessment roll was completed and filed on August 29, and that this proceeding was begun on October 2. Petitioners have not disputed such facts. In no manner can it be calculated, therefore, that the proceeding was instituted within the 30-day period specified in section 290-a of the Tax Law. But petitioners contend that since the filing was made on August 29 instead of August 1 as provided in section 29 of the Tax Law, it was improperly done. Such contention is rejected, because the statutory provision as to the time for filing the assessment roll is directory, not mandatory, and late filing does not vitiate the roll or the tax levy. (Rose v. Elliott, 218 App. Div. 287, 290.)
Petitioners further contend that the notice of filing was published before the assessment roll was filed. It appears without dispute, however, that the roll was filed on August 29 and that the notice of filing was published on the same day, albeit one or two hours earlier. The law pays no attention to a part of a day. The 30-day period began to run on the day of filing the roll and publishing and posting the notice thereof, all of which occurred on August 29. (Tax Law, § 290-a; People ex rel. Mitacek v. Jensen, 177 Misc. 919.)
There is no basis for petitioners’ contention that respondent can only raise the question of timeliness of the proceeding by service of an answer. Subdivision 1 of section 292 of the Tax Law specifies how an answer shall be served, and provides ‘1 However, if the respondent fails to serve such answer within the required time, all allegations of the petition shall be deemed denied. A motion to dismiss the petition shall not be denied *107 merely on the ground that an answer has been deemed made.” Where it appears beyond a question of fact that petitioners have not begun their proceeding within the 30-day period, there is no reason for respondent to interpose an answer, for there is no issue concerning dates upon which evidence might be taken.
Finally we consider petitioners’ argument that the proceeding is one to declare the assessment illegal, that an illegal assessment is void for all purposes, and that a court may so declare it at any time that the matter is presented, without regard to section 290-a of the Tax Law.
Undoubtedly if the taxing authority acts without jurisdiction, the tax is void, and such defense may be raised by the taxpayer whenever he wishes, at least before the tax is paid. (Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206; Matter of State Ins. Fund v. Boyland, 282 App. Div. 516.) But in the petition herein petitioners do not allege lack of jurisdiction in respondent. They allege that the assessment roll is erroneous by reason of overvaluation, unequal assessment, and failure of respondent to follow the statute as to filing of the roll, notice, etc. Thus the petitioners seek relief squarely under article 13 of the Tax Law, and as shown by the authorities above referred to, that article contains petitioners’ exclusive remedies with respect to the matters alleged in this petition.
The motion to dismiss the petition and this proceeding as untimely instituted is therefore granted.