George M. Fanelli, J.
On behalf of itself and others similarly situated, petitioner, a taxpayer in the Town of Clarkstown, County of Rockland, brings this article 78 proceeding to review and annul the tax map and assessment roll of said town and for other relief hereinafter mentioned because of certain alleged jurisdictional defects and errors. Originally, petitioner sought relief by way of a proceeding pursuant to article 13 of the Tax Law (proceeding to review tax assessment) and article 4 of the General Municipal Law (taxpayers’ remedies for negligence and malfeasance of public officer). However, by way of an amended petition this controversy is now before the court as an article 78 proceeding.
Respondents are Mr. Schwall, the present Assessor of the Town of Clarkstown, and the members constituting respectively the Board of Supervisors of the County of Rockland and the Town Board of said Town of Clarkstown. Verified answers have *239 been interposed by the various respondents which, among other things, contain denials and presumably raise objections in point of law as to the legal sufficiency of the amended petition and, while they originally cross-moved to dismiss the original petition as a matter of law (Civ. Prac. Act, § 1293) and it is not too clear from the answer of respondent Board or Supervisors whether it again raises objections in point of law to the amended petition, the court will consider said motions (in the absence of any objection on the part of petitioner to the contrary) as being now addressed to the amended petition as well.
It is petitioner’s contention, inter alia, that the present tax map of respondent town is illegal and null and void because of the fact that a company (J. L. Jacobs & Company) engaged by the town in 1954 ostensibly for the purpose of assisting the Assessor in revaluating the real property located in said town and for the purpose of preparing a proper tax map, performed said work erroneously to the extent that among the errors in the preparation of said tax map there were: (1) overlapping of properties in the descriptions set forth on said map; (2) duplicate assessments; (3) omission of properties which were rightly subject to taxation; and (4) misdescription of properties. Petitioner further contends that respondent Town Board with knowledge of said errors, nevertheless, continued to make periodic payments to said company for their said services; that these errors were surrepitiously hidden from the taxpayers by the members of the Town Board; that the then Assessor of the town prepared the current assessment roll based upon such erroneous tax map and the descriptions indicated thereon; and that said roll was ultimately and purportedly completed and that taxes have been levied and collected thereon.
In addition thereto, petitioner further contends that said roll is also a nullity because it was not duly and timely verified by the Tax Assessor, as specifically required by the Tax Law. Such illegality and jurisdictional defects, urges petitioner, has created a series of illegal and void determinations by respondents in their accepting said assessment roll permeated with illegality and errors; by their failure to correct said roll because of its manifest errors; by respondents subsequently and unlawfully retaining others (County Engineer and various title examiners) for the purpose of correcting said tax map and assessment roll; and by respondents continuing to collect taxes from the taxpayers of the Town of Clarkstown by virtue of such illegal, erroneous and void tax map and assessment roll. In its prayer for relief, petitioner seeks: the appointment of a referee or a commission for the purpose of holding hearings and to *240 examine and correct any errors in the assessment roll; that said referee or commission inquire into the preparation and acceptance of said tax map and examine into the proper assessment of property in said town; that respondents’ acts and determinations in the acceptance of said map and in their accepting, verifying and filing the assessment roll be reviewed; that respondents ’ acts in levying and collecting taxes based on said map and roll be reviewed; that respondent Board of Supervisors be compelled to make the necessary correction on the tax map and assessment roll as required by law, and to protect those taxpayers who may have erroneously paid taxes on their properties; that respondents be prohibited from continuing with the present method of correcting said map and roll; and (lastly) that the entire tax roll of the Town of Clarkstown be declared a nullity and that the present Assessor to be directed to verify the roll as required by law.
Respondents, of course, deny the various claims and contentions of petitioner. In addition to moving to dismiss the said amended petition because of legal insufficiency, respondent Board of Supervisors contends that there are no manifest clerical errors in the assessment roll to warrant the relief sought of it by petitioner under sections 2 and 3 of the Tax Law and section 301 of the County Law. Respondents, Town Board and Assessor, in moving to dismiss the amended petition as a matter of law, contend principally, that petitioner has a complete and adequate remedy to correct and resist any alleged illegal tax assessment by a proceeding under article 13 of the Tax Law (§ 290 et seq) which statutory remedy, they contend, is an exclusive one superseding an article 78 proceeding and, that the amended petition fails to make any factual showing that petitioner has been aggrieved or that there has been any final determination on the part of respondents which petitioner seeks to review.
It is the opinion of the court that the pivotal question upon which this decision hinges is the extent and penetrating force of the alleged errors and acts of illegality charged by petitioner —whether the illegality charged consists of matters relating to a lack of jurisdiction on the part of respondents, or in the commission of errors which vitiate the assessment and lay it open to cancellation or reversal (see 22 Carmody-Wait, New York Practice, ch. 146, p. 584 et seq.) Petitioner contends that an article 78 proceeding is a proper proceeding where the record shows that the entire assessment roll is wholly and absolutely illegal and void — that there is no valid assessment roll which may be reviewed in a tax assessment proceeding as prescribed by article 13 of the Tax Law (Van Deventer v. Long Island City, *241 139 N. Y. 133; People ex rel. Delaware & Hudson Canal Co. v. Parker, 117 N. Y. 86; Matter of Allen Square Co. v. Krieger, 217 App. Div. 123). Specifically, the gist of petitioner’s contention in this regard, stripped of all extraneous matters, is that not only is the tax map and the assessment roll replete with errors (some of which are admitted by respondents), but that the assessment roll was never properly and timely verified as required by the statute and is, therefore, jurisdictionally defective. As the result of such alleged fatal omissions, petitioner takes the position that all the subsequent statutory acts and duties touching upon and stemming from such an assessment roll were without any legal significance.
Respondents submit, on the other hand, that the assessment roll was prepared and handled in full compliance with the statutory requirements of section 25 et seq. of the Tax Law. They point out that the roll was completed on or before June 24, 1957; that a notice thereof was conspicuously posted in three or more public places; that on ‘‘ Grievance Day ’ ’ petitioner did not appear before the said “ Grievance Board ” nor did it make any application on or before such “Grievance Day ” for the correction of the assessment of its property; that on or before August 15, 1957, the then Assessor filed a purported certified copy of the roll in the office of the Town Clerk where it remained for public inspection until delivered to the Town Supervisor. Respondents, however, do admit two errors. Firstly, that there was a failure to timely verify the assessment roll, as required by section 28 of the Tax Law and, secondly, that there was a failure to post and publish notice of filing of the final roll in the time required by section 29 of the Tax Law.
Insofar as the latter error on the part of the then Assessor is concerned, this court holds that such an error and delay does not render the entire tax roll void, particularly in the absence of any factual showing in the amended petition of prejudice on the part of petitioner or any other taxpayer in the Town of Clarkstown by reason of such omission and failure to comply with such a directory requirement. (Rose v. Elliott, 218 App. Div. 287, 291.) Such failure to post and publish the notice of the fillup; of the final roll was at most but an irregularity (Rose v. Elliott, supra; Matter of Bablo v. Andrews, 4 Misc 2d 105).
What does present a more serious problem, however, is the failure of the Assessor to timely verify the assessment roll after its completion. Here, principles of law should not be discussed until the conceded facts are first examined. The present roll, which is the subject of attack, was prepared by a Mr. Fair who was appointed Assessor by the Town Board on a provisional *242 basis beginning October 18,1956, and it is conceded that said roll was not verified by him upon completion (prior to Aug. 15,1957) as required. However, the Town Board by resolution of December 12, 1957, appointed the respondent, Mr. Schwall Assessor (replacing Mr. Fair) effective December 15, 1957, and although Mr. Schwall executed his oath of office as required by section 25 of the Town Law on December 13, 1957, yet, he did not file it in the Rockland County Clerk’s office until December 31, 1957. After his said appointment, Mr. Schwall discovered that the assessment roll prepared by Mr. Fair had not been verified, as afore-mentioned, and thereupon, on December 18,1957, Mr. Fair duly verified the assessment roll, and on February 27,1958, Mr. Schwall filed same, as verified, in the Rockland County Clerk’s office and he thereafter caused a notice of such verification and filing to be posted and published according to the statute.
With respect to this crucial phase of the present controversy, petitioner contends that such conduct on the part of Mr. Fair in verifying the assessment roll three days after he was out of office, and the subsequent filing and publication, as aforesaid, were inoperative and ineffectual to cure the said fatal and jurisdictional defects since in law, Mr. Schwall was the Tax Assessor on December 15, 1957. It is the court’s view, however, that petitioner’s far-reaching contention in this regard is without merit and must be and is rejected. Since Mr. Fair’s successor (Mr. Schwall) did not file his oath of office in the Rockland County Clerk’s office until December 31, 1957, he, Mr. Fair, was authorized to act as Assessor to the extent of verifying the assessment roll on December 18,1957.
Section 25 of the Town Law, so far as pertinent, provides that “ Before he enters on the duties of the office * * * every town officer shall take and subscribe * * * the constitutional oath of office * * * which shall be * * * filed in the office of the county clerk. * * * The filing of such oath * * * shall be deemed an acceptance of the office ”. (Emphasis supplied.) Furthermore, section 5 of the Public Officers Law provides that “Every officer * * * shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified ”. (Emphasis supplied.) The language of these statutes is clear and unambiguous and means exactly what it says. In other words, while Mr. Fair’s term as Assessor expired on December 15,1957, yet, he held over and was authorized to discharge the duties of his office, even after the expiration of his term but until such time as Mr. Schwall qualified for the *243 office. Since such qualification did not take place until December 31,1957, Mr. Fair was legally authorized to verify the assessment roll on December 18, 1957.
In the light of the afore-mentioned, the court concludes that the assessment roll presently under attack is not jurisdictionally void and a nullity. Accordingly, the (generally) alleged errors in the tax map claimed by petitioner (although not factually presented) may be reviewed in a tax assessment proceeding (Tax Law, art. 13). Likewise, irregularities in the taxing procedure, such as late verification, late posting and publication and all the other matters urged by petitioner in its amended petition are not jurisdictional defects, but are irregularities as to directory and not mandatory requirements (see Matter of Bablo v. Andrews, supra). Here, too, such irregularities may be reviewed exclusively by a proceeding under article 13 of the Tax Law and not in an article 78 proceeding (see Mercantile Bank v. Mayor of City of N. Y., 172 N. Y. 35; Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234; Matter of Bierman v. Boyland, 125 N. Y. S. 2d, 86; United States Trust Co. v. Mayor of City of N. Y., 144 N. Y. 488, 493; 22 Carmody-Wait, New York Practice, ch. 146, p. 672 et seq.).
Viewed in the light of the afore-mentioned, the court reaches the conclusion that respondents ’ motion to dismiss the amended petition as a matter of law should be and the same is granted, but without costs.
Settle order on notice.