THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN H. MILLARD et al., Appellants, *v.* JAMES A. ROBERTS, as Comptroller of the State of New York, Respondent.

TAX SALE — STATUTORY REMEDY NOT EXTENDED TO OWNER. Under the statutes now in force, the comptroller has no power to set aside a tax sale of land, upon application of the owner.

*People ex rel. Millard* v. *Roberts,* 8 App. Div. 219, affirmed.

(Argued January 18, 1897; decided January 26, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered August 5, 1896, which affirmed on certiorari a decision of the comptroller of the state in refusing to cancel certain tax sales made in the years 1866 and 1881.

The facts, so far as material, are stated in the opinion.

*Arthur L. Andrews* for appellants. The relators had the right to call upon the comptroller to hear and determine their application. (*People ex rel.* v. *Chapin,* 105 N. Y. 309; *People* v. *Turner,* 145 N. Y. 451; 117 N. Y. 227; *Guest* v. *City of Brooklyn,* 69 N. Y. 506; *People ex rel.* v. *Wemple,* 139 N. Y. 248.) The notice to redeem was defective, and rendered the comptroller's deed absolutely void. (*Doughty* v. *Hope,* 3 Den. 249; *Westbrook* v. *Willey,* 47 N. Y. 457; *Bunner* v. *Eastman,* 50 Barb. 639; *Becker* v. *Holdridge,* 47 How.

Pr. 429; *Simonton* v. *Hays,* 32 Hun, 286; 101 N. Y. 687; *May* v. *Traphagen,* 139 N. Y. 478; *Sanders* v. *Downs,* 141 N. Y. 422; *Thompson* v. *Burhans,* 61 N. Y. 52.) The defect was a jurisdictional one. (*Stuart* v. *Palmer,* 74 N. Y. 183.) The sale was not legalized by chapter 448 of the Laws of 1885. (*Ensign* v. *Barse,* 107 N. Y. 329; *Terrel* v. *Wheeler,* 123 N. Y. 76; *Cromwell* v. *MacLean,* 123 N. Y. 476; *Joslyn* v. *Rockwell,* 128 N. Y. 334.)

*T. E. Hancock* for respondent. The return of the comptroller is conclusive as to the facts and must be accepted as true. Additions to the return by the appellants cannot be considered. (*People ex rel.* v. *Fire Comrs.,* 73 N. Y. 437; *People ex rel.* v. *Martin,* 142 N. Y. 229; *People ex rel.* v. *Morgan,* 65 Barb. 473; Code Civ. Pro. § 2135; *People ex rel.* v. *Campbell,* 143 N. Y. 335.) Conceding that the appellants were owners of the land in question, they had no authority under the statute to apply to the comptroller for a cancellation of tax sales. (L. 1855, ch. 427, §§ 83–85; *People ex rel.* v. *Chapin,* 104 N. Y. 369; *People ex rel.* v. *Chapin,* 105 N. Y. 309; *Ostrander* v. *Darling,* 127 N. Y. 70; *People ex rel.* v. *Wemple,* 139 N. Y. 240; L. 1891, ch. 217; L. 1893, ch. 711; *People ex rel.* v. *Roberts,* 144 N. Y. 234; *People* v. *Turner,* 145 N. Y. 460; *Thompson* v. *Burhans,* 61 N. Y. 52; *People* v. *Hagadorn,* 104 N. Y. 516; *Johnson* v. *Elwood,* 53 N. Y. 431; L. 1896, ch. 908, § 140.) Even if the relators were permitted by statute to make application for cancellation, the alleged defects in publication and service of notice of redemption and other alleged irregularities, if any, were cured by the statute of 1885, and the statutory limit therein prescribed had run against the relators. (L. 1885, ch. 448; *Ostrander* v. *Darling,* 127 N. Y. 79; *People* v. *Turner,* 145 N. Y. 451; 117 N. Y. 227; Cooley's Const. Lim. [6th ed.] 470; *G. E. R. R. Co.* v. *Anderson,* 3 Abb. [N. C.] 434; *People ex rel.* v. *Suprs. O. Co.,* 17 N. Y. 235; *Ex parte McCollum,* 1 Cow. 550; *People ex rel.* v. *Terry,* 108 N. Y. 1; *People ex rel.* v. *Rice,* 135 N. Y. 473.) The 1881 tax

sale was regular, and the notice to redeem and publication thereof were in strict compliance with the statutes. (L. 1855, ch. 427, § 61; *People ex rel.* v. *Chapin,* 104 N. Y. 370; *Colman* v. *Shattuck,* 62 N. Y. 348; *Chamberlain* v. *Taylor,* 36 Hun, 33.)

O'BRIEN, J. The relators applied to the comptroller, alleging that they were the owners of certain lands in the county of Franklin, which had been sold for taxes in the year 1881, and bid in by the comptroller for the state. They asked that the sale be canceled and set aside on account of certain defects and irregularities specified in the moving papers.

The comptroller denied the application, and the Appellate Division, upon certiorari, affirmed his determination. It is not necessary to notice the particular defects or irregularities in the sale that are claimed to constitute the grounds of the application, since, we think, the relators have no standing to make this application.

It has been repeatedly held by this court that, in cases of tax sales of lands, the owner cannot reclaim the lands sold by such a proceeding as this. The comptroller has no power to set aside the sale upon the application of the owner, since the statute was not intended for his benefit, but for the benefit of the purchaser who has paid his money to the state upon the faith of a title supposed to be valid, but which turns out to be defective or void. Within recent years the statute of 1855 has been amended, but none of these amendments, in any way, aid the relators in this case. The objections which have been so often stated to the exercise of this jurisdiction, at the instance of the owner, still remain good. (*People ex rel. Wright* v. *Chapin,* 104 N. Y. 369; *People ex rel. Ostrander* v. *Chapin,* 105 N. Y. 309; *Ostrander* v. *Darling,* 127 N. Y. 70; *People ex rel. Hamilton Park Co.* v. *Wemple,* 139 N. Y. 240; *People ex rel. Witte* v. *Roberts,* 144 N. Y. 234.)

It will be seen upon a careful examination of these cases that they cover all the statutes now in force conferring power upon the comptroller to set aside sales of lands for taxes, but

none of them are yet comprehensive enough to enable an owner to repossess himself of the lands sold in such a way. If the sale is invalid, his title is not affected, and he may keep and defend his possession, or, if put out of possession, he may regain it by action of ejectment.

It is obvious that there was no intention to modify or disturb these decisions by anything that was said in the case of *People* v. *Turner* (117 N. Y. 227; 145 N. Y. 451).

The case was correctly decided in the court below, and the order appealed from should be affirmed, with costs.

All concur.

Order affirmed.