SARANAC LAND & TIMBER CO. v. ROBERTS, Comptroller.

(Circuit Court, N. D. New York. November 12, 1897.)

No. 3,110.

SALE FOR TAXES—CONCLUSIVENESS OF TAX DEED—VALIDITY OF STATUTE.

    Laws N. Y. 1885, c. 448, making tax deeds which had been on record for two years prior to the passage of the act conclusive evidence of the regularity of the sale, and all proceedings prior thereto, if not assailed by direct proceeding within six months after the taking effect of the law, is, according to its principal intent and effect, a statute of limitations, and is not repugnant to any provision of the constitution of the United States. Turner v. People, 18 Sup. Ct. 38, followed.

This was an action of ejectment by the Saranac Land & Timber Company against James A. Roberts, as comptroller of the state of New York. A demurrer to the complaint on the ground that the court was without jurisdiction was heretofore overruled. See 68 Fed. 521.

Frank E. Smith and Weeds, Smith & Conway, for plaintiff.

T. E. Hancock, G. D. B. Hasbrouck, E. H. Leggett, and John H. Burke, for defendant.

COXE, District Judge. I am of the opinion that this cause must be decided in favor of the defendant upon the authority of People v. Turner, 145 N. Y. 451, 40 N. E. 400, affirmed by the supreme court of the United States, October 18, 1897. 18 Sup. Ct. 38. By these decisions the constitutionality of chapter 448 of the Laws of New York of 1885 is affirmed and its validity as a curative act and as a short statute of limitations is fully recognized. The defects involved in the Turner Case were similar to, and, in some instances, identical with those relied on by the plaintiff in the case at bar. Assuming these defects to be proved, they were irregularities which were cured by the act of 1885. The plaintiff has failed to show either the payment of the taxes or that they were levied without legal right. In other words, it has failed to show jurisdictional errors such as would render the assessment proceedings void and which the legislature had no power to remedy. The court cannot adopt the view of

the learned counsel for the plaintiff in his ingenious effort to prove that the constitutionality of the act of 1885 is still an open question. His argument is sufficiently answered by the plain and unequivocal language of the supreme court, as follows:

"It was argued in behalf of the plaintiff in error that the statute was unconstitutional, because it did not allow him any opportunity to assert his rights, even within six months after its passage. But the statute did not take away any right of action which he had before its passage, but merely limited the time within which he might assert such a right. Within the six months, he had every remedy which he would have had before the passage of the statute. If he had no remedy before, the statute took none away. From the judgments of the court of appeals in the case at bar, and in the subsequent case of People v. Roberts, 151 N. Y. 540, 45 N. E. 941, there would appear to have been some difference of opinion in that court upon the question whether his proper remedy was by direct application to the comptroller to cancel the sale, or by action of ejectment against the comptroller or the forest commissioners. But as that court has uniformly held that he had a remedy, it is not for us to determine what that remedy was under the local constitution and laws."

The plaintiff has failed to prove that it "is seised in fee simple and entitled to the possession" of the lands in dispute. The complaint is dismissed, with costs.