THE RAQUETTE FALLS LAND CO., Plaintiff, *v.* DEWITT C. MIDDLETON, Constituting the Forest, Fish and Game Commission of the State of New York, Defendant.

(Supreme Court, Warren Special Term, October, 1903.)

Ejectment for vacant forest lands — Possession of Forest Preserve — Demurrer to complaint.

> A complaint in ejectment, alleging that the plaintiff is seized in fee of certain wild and vacant forest lands and that the Forest, Fish and Game Commission is in possession of the lands and withholds them, is demurrable, as the Commission can have no possession of such vacant lands other than statutory possession and there is no statute which confers upon it, in the absence of any overt act upon its part, such possession as would sustain an action in ejectment against it.

Supreme Court, October, 1903. [Vol. 41.

The care, custody and control of the Forest Preserve given the Commission by statute (L. 1885, ch. 283, § 9) is limited to lands the State owns or acquires, and necessarily cannot embrace lands which the plaintiff alleges that he owns.

The remedy of an owner whose land is sold at a Comptroller's tax sale, which under chapter 448 of the Laws of 1885 becomes conclusive evidence of title after the expiration of six months from the date of the recording of the Comptroller's deed, considered not to rest in an action in ejectment against the Forest, Fish and Game Commission.

ACTION in ejectment brought by plaintiff against defendant as the Forest, Fish and Game Commission of the State of New York, to recover possession of certain lands in Warren county.

Defendant demurred to complaint on following grounds:

*First.* That the court has no jurisdiction of the person of the defendant.

*Second.* That the court has no jurisdiction of the subject of this action.

*Third.* That there is a defect of parties defendant in that it appears upon the face of the complaint that the court cannot determine the controversy as between the parties before it without prejudice to the rights of the People of the State of New York, and that a complete determination of the controversy cannot be had without the presence of the said People of the State of New York as parties to this action, for the reason that it appears upon the face of the complaint that the defendant, constituting the Forest, Fish and Game Commission of the State of New York, is occupying the lands described in the complaint, which lands are therein described as wild and vacant forest lands.

*Fourth.* That the complaint does not state facts sufficient to constitute a cause of action.

Griffin & Ostrander, for plaintiff.

Harter & Ryder, for defendant.

KELLOGG, H. T., J. This is an action in ejectment. The plaintiff alleges that it is seized in fee of certain lands in Warren county, that the lands are vacant forest lands, that

the defendant is in possession and withholds possession from the plaintiff. The defendant demurs. It is evident from the fact that the lands are vacant, and that fact is established for the purpose of this argument by the demurrer, that the possession of the defendant, if it exists at all, and without its existence this action is not maintainable, exists not as a fact, but only through some fiction of law. Neither can it be constructive possession of the common law, for that would be accorded to the plaintiff, as the conceded owner of unoccupied lands. Its existence, therefore, if it has any, must depend upon statute.

The question of the case, therefore, is this: Does any statute of the State confer upon this defendant, without any overt action on his part whatsoever, such possession of the property in question that he may be sued in ejectment?

The plaintiff, to establish the proposition that defendant is in possession, relies upon chapter 283 of the Laws of 1885, and amendatory acts. That act establishes a Forest Commission, and provides by section 9 that " The Forest Commission shall have the care, custody and control of the Forest Preserve." The forest preserve is defined in section 7 of the act to be as follows:

"All the lands now owned or which may hereafter be acquired by the State of New York, within the counties of Clinton, excepting the towns of Altona and Dannemora, Essex, Franklin, Fulton, Hamilton, Herkimer, Lewis, Saratoga, St. Lawrence, Warren, Washington, Greene, Ulster and Sullivan, shall constitute and be known as the forest preserve."

The Forest Commission is now the Forest, Fish and Game Commission, composed of a single commissioner, but his power and duties in relation to the forest preserve are the same as those of the old Forest Commission.

It will be noticed that the forest preserve is confined to " all the lands now owned or which may hereafter be acquired by the State of New York," in certain counties, including the county of Warren, and hence while the defendant may be in possession of the forest preserve, he cannot be in possession of the lands in suit unless it is admitted that

they are owned by the State, an admission contrary to the conceded facts of the case, and, in any event, fatal to the plaintiff's cause of action.

In reaching the conclusion that the demurrer must be sustained, I have not been unmindful of the decision of the Supreme Court in People v. Turner, 168 U. S. 90, nor the decision of the Court of Appeals in the same case in 145 N. Y. 451. In that case the question of the constitutionality of a New York statute, being chapter 448 of the Laws of 1885, making a deed from the State Comptroller conclusive evidence of title, after the lapse of six months from the date of its recording, was considered and the act held valid as an act of limitation. It was a necessary premise to the conclusion, that, pending the six months immediately preceding the recording of the deed, there was some right of action or method of procedure open to the landowner to test the validity of the Comptroller's deed of his property. The Court of Appeals in that case held that the landowner during this period could apply directly to the Comptroller for a cancellation of the sale, a conclusion directly opposed to a long line of authorities and held erroneous in the subsequent case of People ex rel. Millard v. Roberts, 151 N. Y. 540, where the question squarely arose. The Supreme Court in People v. Turner sustained the Court of Appeals because that court, interpreting the laws of its own State, had said there was during the six months interim some remedy open to the landowner, and suggested that the remedy might be an application to the Comptroller to cancel, or an action against the Comptroller or the Forest Commissioners in ejectment. The plaintiff argues that, the Court of Appeals having now finally denied the first remedy, and the suggested remedy against the Comptroller having disappeared through a recent repealing act, necessarily the remedy must be an action against the Forest Commission, the third remedy suggested in the opinion of the Supreme Court. It would seem that an act conclusively presuming any Comptroller's deed to be a legal conveyance of title after a lapse of time from recording would be little less than an act of confiscation, and, therefore, unconstitu-

tional unless the owner had or was given during the short time elapsing before the deed became conclusive some remedy by which he could attack the validity of the Comptroller's sale and conveyance.

There is a great deal of sound sense in this argument, but it appears to me that the argument correctly addressed itself to the propriety of the decision of the Court of Appeals in People v. Turner, before mentioned. That court itself did not find it necessary in order to sustain its own reasoning in the Turner case to decide in People ex rel. Millard v. Roberts, *supra,* that the remedy of an application to the Comptroller for cancellation was an existent remedy belonging to the landowner. On the contrary, it held that the landowner had no such remedy, and by doing so completely swept away its own argument in People v. Turner.

It does not seem incumbent upon me to discover and attempt to make effectual other remedies for the landowner, in order to support the decision of the Court of Appeals in the Turner case, especially a remedy of the kind attempted to be pursued in this action, to support which there is no sound basis, either in statute or in reason, but only the argument that because there must be a remedy, this, therefore, is that remedy.

The demurrer is sustained and complaint dismissed with costs.

Demurrer sustained and complaint dismissed, with costs.