THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDMOND J. MULLARKEY, as Secretary of the Democratic County Committee of Montgomery County, Appellant, *v*. THE BOARD OF SUPERVISORS OF MONTGOMERY COUNTY, Respondent.

Third Department, November 14, 1917.

**Elections — failure of board of supervisors to appoint election commissioner from persons selected by county committee under section 194 of Election Law — secretary of county committee not entitled to writ of mandamus to compel appointment.**

Where a Democratic county committee, acting under section 194 of the Election Law, has duly certified from time to time various persons to be appointed to the office of election commissioner, and each of said persons has in regular order been rejected by said board, the secretary of said committee is not a party legally interested in the appointment of any one of said persons as election commissioner, so as to entitle him to apply for a writ of mandamus to compel said board to appoint one of the persons selected.

APPEAL by the relator, Edmond J. Mullarkey, as secretary, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Montgomery on the 7th day of August, 1917, denying his application for a peremptory writ of mandamus.

*George B. Smith* [*Harry V. Borst* of counsel], for the appellant.

*Charles R. Tobin* [*Fox Sponable* of counsel], for the respondent.

WOODWARD, J.:

The relator, the secretary of the Democratic county committee of Montgomery county, seeks to compel the board of supervisors to convene and appoint one of several persons who

have heretofore been duly certified by the chairman and the Democratic county committee of Montgomery county as fit and proper persons to be chosen as election commissioner for said county. It appears from the moving papers that the Democratic county committee, acting under the provisions of section 194 of the Election Law (Consol. Laws, chap. 17 [Laws of 1909, chap. 22], as amd. by Laws of 1913, chap. 820), has duly certified, from time to time, various persons as fit and proper persons to be appointed to the office of election commissioner, and that each of these several persons has in regular order been rejected by the board of supervisors, and the relator, who declares himself "a Democratic elector of said county and a believer in the principles of the Democratic party," asks this court to coerce the said board of supervisors into appointing some one of these several persons.

The learned court at Special Term has, perhaps, given sufficient reasons for refusing to grant the writ. If there could be any doubt upon that subject, we are convinced that the relator has no standing upon this appeal, for he is not legally interested in the appointment of any one of these persons. The relator, who describes himself as secretary of the Democratic county committee of Montgomery county, tells us in his petition that " the Chairman of the Democratic County Committee of said county is George F. Turner," but that he " is at present a nonresident of the State of New York, and, therefore, incapable of making this petition, and that your petitioner makes and presents this petition on behalf and at the direction of said committee." But where does the secretary, or the committee itself, get any power or authority to petition for the purpose of forcing the board of supervisors to act? The statute makes it the duty of the respective chairmen of the county committees to " make and file or cause to be filed  *  *  *  with the board of supervisors of such county a certificate in substantially the following form, each of which certificates shall certify the name of a person who is a resident and qualified voter  *  *  *  and who is recommended as a fit and proper person to be appointed a commissioner of elections " (§ 194, as amd. *supra*), and section 195 (as amd. by Laws of 1911, chap. 649) provides in case of a vacancy that a like certificate shall be made, but

nowhere in the act do we find any provision for the party committee to compel the board of supervisors to act. The power and authority to make the appointment is vested by law in the board of supervisors (§ 191, as amd. by Laws of 1913, chap. 820), carrying out the home rule provision of the State Constitution (Art. 10, § 2), and if there had been any intention on the part of the Legislature to vest a supervisory power over such action on the part of party committees such purpose would have been expressed in clear language, no doubt.

It seems entirely clear to us that when the party committee has caused the proper certificate to be made and filed it has discharged all of the functions provided by law, and that neither the committee nor its secretary has any power or authority to do more. If the board of supervisors fails to discharge its duties there is always the political remedy of changing the membership of the body, and it may be that counsel may be able to discover some way in which the court may intervene, but the relator is not interested in a legal sense in the matter, and the court properly refused to grant the writ.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.