THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ADIRONDACK POWER AND LIGHT CORPORATION, Defendant.

Supreme Court, Essex County, June 13, 1929.

*Hamilton Ward, Attorney-General [E. J. Lake, Deputy Assistant Attorney-General, of counsel], for the plaintiff.*

*Imrie & Boyce [Daniel F. Imrie of counsel], for the defendant.*

ROGERS, J. The State claims title to the lands in question by conveyance pursuant to a tax sale in 1890. The lands were occupied at the time of the sale. Section 134 of the Tax Law* required that a written notice of the right to redeem be served upon the occupant within a year from the expiration of the time to redeem. No such notice was served. The section also provides: " No conveyance made in pursuance of this section shall be recorded until the expiration of the time mentioned in such notice, and the evidence of the service of such notice shall be recorded with such conveyance." No such notice was recorded with the deed. The record of the deed without the record of the evidence of service is void. (*Ostrander* v. *Reis*, 206 N. Y. 448; *People* v. *Ladow*, 189 id. 355.)

* Amd. by Laws of 1928, chap. 845.— [REP.

The State claims that because the Comptroller published himself in possession of the lands, pursuant to section 133 of the Tax Law* the owner or occupant was required, within the time limited by the section, to institute an action against the State to protect his rights, and having failed to do so, that the defendant's ownership and right of possession is forfeited. This section, however, requires the State to hold title, and not having given the notice required by section 134 and having it recorded, with the deed, the State holds no title, even apparent, and cannot effectively avail itself of the possession by publication, as provided by section 133 of the Tax Law. To gain any advantage by that section the State must have title that on its face at least is good. Here the State forfeited any title it had by virtue of the 1890 tax deed by not serving the notice required by statute and having it recorded with the deed.

The defendant raises other questions relating to the validity of the sale of 1890 and the assessments of 1856 to 1860, which, in view of the foregoing, need not be considered.

The defendant is entitled to judgment dismissing the complaint.

---

*Amd. by Laws of 1928, chap. 845 — [REP.