In the Matter of the Application of MARION L. THOMAS, as Chairman of the Democratic County Committee of Essex County, Petitioner, for an Order against WILLIS WELLS, Chairman, and Others, Constituting the Board of Supervisors of Essex County, Respondents.

Supreme Court, Special Term, Essex County, June 16, 1941.

*Horatio W. Thomas*, for the petitioner.

*B. Gregory Brewster*, for the respondents.

LAYDEN, J. The term of office of the Democratic member of the board of elections of Essex county expired on December 31, 1940. Previous to that time at a regular meeting of the Essex Democratic county committee a resolution was duly adopted recommending to the board of supervisors the name of James M. Lonergan as and for the Democratic member of the said board. On September 24, 1940, the petitioner herein, as chairman of the Democratic county committee, duly filed with the board of supervisors of the county his certificate recommending the appointment of the said James M. Lonergan to the office of commissioner of elections. It thus appears that there was a compliance by the petitioner with all of the provisions of section 31 of the Election Law.

On December 18, 1940, at the annual meeting of the board of supervisors a resolution was offered which provided for the appointment of the said James M. Lonergan. The resolution was tabled. However, the board of supervisors at that meeting authorized the chairman of the board to appoint a committee of three of its members to examine into Mr. Lonergan's qualifications and report to the board at their meeting in February. On January 14, 1941, this committee made its report to the board and stated that it was the unanimous opinion of the committee that the said Lonergan would fulfill the duties of the office of election commissioner with credit to the office and the committee earnestly urged and recommended his immediate appointment. Thereafter and on the same date a motion to appoint Mr. Lonergan was defeated by a vote of eleven to five, with one supervisor not voting.

This proceeding is brought pursuant to the provisions of article 78 of the Civil Practice Act No answer was filed by the respondents, but by counsel they applied on the return day of the motion for an order dismissing the petition on the ground that it does not state facts sufficient to entitle petitioner to the relief asked, or to any relief. This application is made pursuant to section 1293 of the Civil Practice Act, and in the present status of the proceeding the facts set forth in the petition must be accepted as true. (*Matter of High* v. *Board of Education*, 169 Misc. 98; *Ticknor* v. *Potter*, 246 App. Div. 556.)

An examination of the prayer for relief herein discloses that the petitioner prays for a review of the action of respondents as members of the board of supervisors of the county of Essex in failing and neglecting to appoint the said James M. Lonergan to the office of commissioner of election of Essex county, and further asks for an order directing the respondents to perform the duties specifically provided by section 31 of the Election Law and to appoint the said

Lonergan to the office of commissioner of elections for a term commencing January 1, 1941.

In so far as the petition seeks to review the action of the board of supervisors herein it is seeking the relief formerly afforded in a certiorari proceeding. Inasmuch as the powers conferred upon the board of supervisors by section 31 of the Election Law are neither judicial nor quasi-judicial in character a review of their proceedings could not have been had in what was formerly a certiorari proceeding. In fact in a case involving a situation somewhat similar to the instant one it was affirmatively held that certiorari was not the proper remedy. (*Matter of Carp*, 179 App. Div. 387.)

While it thus definitely appears that the review of the proceedings requested cannot be granted, the question of an order in the nature of mandamus presents a more serious question. No citation of authority is necessary to sustain the proposition that ordinarily a board or officer cannot be compelled by the order of a court to perform an act which involves the exercise of discretion by such board or officer. That the appointment of a member of a board of elections of a county is a discretionary power seems to be well established by the cases in which this question was involved. (*Matter of Kane* v. *Gaynor*, 144 App. Div. 196; affd., 202 N. Y. 615; *People ex rel. Mullarkey* v. *Board of Supervisors*, 180 App. Div. 125.)

I am satisfied that the board of supervisors of a county is not a " rubber stamp " for the county committee of a political party when considering the appointment of members to board of elections However, the Legislature of the State of New York must certainly have intended that some attention should be given to the recommendation for appointment by the county committee of the respective political parties.

It has already been determined that the board of supervisors is not required to accept the recommendation of the county committee, and it has also been determined that no one other than a person recommended by the county committee can be appointed.

In no reported case, however, has the situation been the same as that which presents itself here. For the purpose of this motion all material allegations of the petition are deemed to be admitted and there certainly appears from these allegations an abuse of discretion on the part of the board of supervisors. This particularly in view of the fact that the committee of its own members, named by the chairman of the board of supervisors, found James M. Lonergan capable of performing the duties of the office and recommended his appointment. Although the performance of a discretionary act in any particular manner cannot ordinarily be compelled by an order of a court, an entirely different situation presents itself when

the action of the board or officer against whom the proceeding is brought is capricious, arbitrary or unreasonable. (*People ex rel. Empire City Trotting Club* v. *State Racing Commission*, 190 N. Y. 31; *Matter of County of Ulsler* v. *State Department of Public Works*, 211 App. Div. 629; affd., 240 N. Y. 647.)

Being of the opinion that the allegations of the petition show an arbitrary, unreasonable and capricious act on the part of the board of supervisors, the motion of the respondents for an order dismissing the petition is denied, and respondents are given leave to answer herein within twenty days after the service upon their attorney of a copy of the order based upon this opinion.