FINCH PRUYN & COMPANY, INC., Plaintiff, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant.

Supreme Court, Essex County, March 22, 1943.

*George N. Ostrander* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (A. C. Taylor* of counsel), for defendant.

IMRIE, J. This · is an action under article 15 of the Real Property Law. Plaintiff claims sole ownership of certain property in Essex and Hamilton Counties, and asks for judg-

ment, *inter alia,* for the cancellation of the record of and voiding of certain tax deeds under which the defendant claims or might claim title to the same premises. Tax deeds of the same property, running to the People, were given and recorded after the tax sales in the years 1885, 1890 and 1895. The defendant People do, in fact, assert title by virtue of the tax sale in 1885 and the subsequent deed given in 1890 and recorded in 1891. It appeared upon the trial that the property was withdrawn from sale by the Comptroller at the sales of 1890 and 1895 and defendant's brief concedes that no claim is made by virtue of the deeds given following those sales.

The issue here, therefore, is whether or not the defendant People have acquired title by virtue of the tax deed of 1890, based upon the tax sale of 1885. Plaintiff asserts that, as the property was occupied when the statutory time for redemption from the tax sale expired, notice to redeem should have been given to the occupant; that such notice was not given, and that the Comptroller's deed to the People was recorded without the required evidence of such notice; that the deed and its record are void and no title passed thereby.

Defendant contends that, inasmuch as section 134 of the Tax Law requires a notice to redeem to be served by the grantee in the tax deed, the notice cannot be served until after the deed is given, and insists that evidence of occupancy of the property from the years 1888 to 1902 is lacking. The first contention overlooks the fact that the statute fixes the occupancy requiring notice as being that occupancy existing at the expiration of the time for redemption from the sale. The law then in effect (L. 1855, ch. 427, § 68) read, in part, that " Whenever any lot * * * sold for taxes by the comptroller and conveyed as hereinbefore provided, shall, *at the time of the expiration of the two years given for the redemption thereof, or any part thereof, be in the actual occupancy of any person,"* written notice of the giving of the deed and to redeem must be given to such occupant. (Italics supplied.) Section ·50 of that Act set two years after the last day of the tax sale as the period for redemption. Thus, the obligation to serve notice upon an occupant was determined by the question as to whether the property was occupied at the end of two years from the last day of the tax sale which, in this case, would have been in December, 1887. As to the second contention, there is credible and satisfactory evidence of occupancy through and past 1887 and, in fact, for every year for seventy-five years prior to the time of the trial. It is established that there was a person or

persons actually in occupancy of the property at the expiration of two years from the last day of the tax sale, as well as in the subsequent years to the time of the trial.

Of the two present methods by which a deed given at a tax sale may become absolute (Tax Law, §§ 134, 137), the one provided in section 137 was added by section 17 of chapter 711 of the Laws of 1893, and was in effect neither at the time of the tax sale in 1885 nor at the time of the giving of the tax deed in 1890, nor at the time of its recording in 1891, nor within two years after any of such events. Section 134 derives from sections 68 and 69 of chapter 427 of the Laws of 1855, which, with immaterial amendments, were in effect at the time of the tax sale and when the tax deed was given. Under the law in effect before the enactment of chapter 711 of the Laws of 1893, the right of an owner or occupant of land, which was occupied at the expiration of two years after the last day of the tax sale, to redeem the land from such tax sale, could not be cut off unless a notice to redeem was served upon the occupant according to statute. (*Mabie* v. *Fuller*, 255 N. Y. 194, 197; *Ostrander* v. *Reis*, 206 N. Y. 448; *People* v. *Ladew*, 189 N. Y. 355; 190 N. Y. 543.) "Where the land was so occupied, the statute [before 1893] provided only that one method under which the grantee's tax deed could become absolute." (*Mabie* v. *Fuller*, *supra*, p. 199.)

Nor can I concur with counsel for defendant that sections 131, 132 and 133 of the Tax Law furnish support for its claim of title.

Whether sections 131 and 132 are curative statutes or statutes of limitation, each contains a limitation of its own effectiveness. Aside from the definition of the preliminary proceedings of assessment, levy and sale, which are stated as conclusively presumed to be regular after a specified time, there are these words (§ 131): "* * * and that all notices required by law to be given *previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto.*" (Italics supplied.) The fallacy of defendant's argument (if such it is), that the provisions of these sections bar plaintiff's claim and establish defendant's title, is that the law required a notice to be given to the occupant of the land *after* " the expiration of the time allowed by law for the redemption " of the property from the tax sale. Neither section, as worded now or at the time of the tax sale and deed in question (L. 1855, ch. 427, § 65; amd. L. 1885, ch. 448), is broad enough in the statements of

presumptions of regularity to include a presumption that the notice to the occupant, required by section 134 (old §§ 68 and 69), was actually given. If the defense is correct, then the suggestion of the Court of Appeals in *Mabie* v. *Fuller* (255 N. Y. 194, *supra*), that the statute which is now section 137 was adopted as a means by which title could be made absolute under tax deeds where no notice to redeem was given to an occupant, is meaningless (*People* v. *Witherbee,* 199 App. Div. 272), and there was no reason for the Legislature to enact that section in 1893.

It was not the owner or occupant of property who might petition the Comptroller for a cancellation of the sale and deed under section 132. Apparently, that right is for the protection of a purchaser at the tax sale and under the conditions specified in the statute, which do not apply here. (*Ostrander* v. *Bell,* 199 App. Div. 304, affd. 234 N. Y. 566; *Saranac Land & Timber Co.* v. *Roberts,* 195 N. Y. 303; *People ex rel. Millard* v. *Roberts,* 151 N. Y. 540.)

Nor did the Comptroller, by publishing the advertisement now provided for in section 133, fix possession of the property in the People. That publication is required to be of a list of " wild, vacant and forest lands ", and lands to which the State " holds title, from a tax sale or otherwise ". Proof in this case is that the land in question was occupied land; the State, as I conclude, did not hold title to it. Defendant acquired no title by virtue of the tax sale and deeds. (*Ostrander* v. *Reis,* 206 N. Y. 448, *supra.*)

Plaintiff is entitled to the judgment asked for. It has met the burden of proof by complying with the requirement of the statute in showing possession of the premises for a period of at least one year prior to the beginning of the action. It is true, as argued by the defendant, that the answer does not ask for affirmative relief but simply for the dismissal of the complaint, yet, where the defendant asserts title hostile to that of the plaintiff, defendant can succeed only upon the strength of its own title and not upon the weakness of the plaintiff's claim; the burden rests upon the defense to establish its claim of title. It has not met this burden. (*Best Renting Co.* v. *City of New York,* 248 N. Y. 491; *Smith* v. *Dayton,* 253 App. Div. 899.)

The several defenses set up in the answer have principally to do with limitations set forth in the Tax Law which have already been discussed; the exception is the allegation that plaintiff's cause of action did not accrue within ten years next preceding the commencement of the action. Seemingly, this

is the limitation set up in section 53 of the Civil Practice Act. If any of such limitations apply here, it would be section 34 rather than section 53 (*Low* v. *People*, 263 App. Div. 434). In order to take advantage of that Statute of Limitations, it should have been pleaded as a defense. Moreover, the plaintiff and its predecessors in title have been in actual possession and occupancy of this property, or portions thereof, and it would not seem that as to the plaintiff any hostile act of a person not in possession of the property could set a Statute of Limitations running against it. (*Meigs* v. *Roberts*, 162 N. Y. 371, 379.)