In the Matter of SADIE SCHWARTZ, Petitioner, against HARRY L. HEDGER, as Treasurer of the County of Nassau, Respondent.

Supreme Court, Special Term, Nassau County, April 20, 1945.

*Marcus G. Christ, County Attorney (Eugene R. Hurley* of counsel), for respondent.

*James M. O'Connell* for petitioner.

HOOLEY, J. Application for an order under article 78 of the Civil Practice Act, directing the County Treasurer of the County of Nassau to receive taxes on a parcel of land and to issue receipts therefor.

The petitioner claims to be the owner of a parcel of land and buildings thereon at Massapequa, Nassau County, New York. Although the petition fails to set forth that the premises were sold for taxes, it is apparent therefrom that such was the fact. The petition then alleges as follows: that on or about June 5, 1944, a copy of a notice of redemption was sent by the County of Nassau to all persons having an interest in said premises, that the last day of redemption stated therein was September 5, 1944, that on September 5, 1944, the Treasurer of the County of Nassau issued a tax deed to the County of Nassau, that said deed could not be issued until after September 5, 1944, and is therefore a nullity as the time for redemption of the tax lien had not expired, that on January 26, 1945, the petitioner, through her agent, made a tender in cash of all arrears and current taxes on the afore-mentioned property and that such tender was refused, which refusal was illegal and void.

The respondent, the Treasurer of the County of Nassau, pursuant to section 1293 of the Civil Practice Act, moves to dismiss said petition on the grounds, first, that no alleged tender was made to the County Treasurer on or before September 5, 1944, the date on which the right to redeem allegedly expired and, second, that the County Treasurer is forbidden by subdivision b of section 5–50.0 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd. by L. 1939, ch. 704), from receiving satisfaction of tax liens after the delivery of the County Treasurer's deed.

Upon the argument before the court on the return day of the order to show cause, the petitioner's attorney asked for and was given leave to submit additional papers showing that a tender of the arrears was made by the petitioner to the County Treasurer on September 5, 1944. An affidavit has been submitted which asserts that on September 5, 1944, the petitioner's agent called at the office of the County Treasurer for the purpose of paying the taxes due and was informed, when he

requested the bills at said office, that the property had been deeded to the County of Nassau and that the taxes would not be received nor would the tax bills be given to him. The facts in this affidavit should be set forth as a part of the petition and for the purposes of this application the court will consider them as such. From the petition and the public records in the County Treasurer's office it appears that the notice in this case did set forth that if the property was not redeemed on or before September 5, 1944, the purchaser might elect to accept a deed of the said premises, as required by section 5–51.0 of the Administrative Code. It further appears that a deed was issued by the County Treasurer bearing date September 5, 1944.

Upon a cross motion to dismiss the petition the facts set forth therein must be accepted as true. (*Matter of Thomas* v. *Wells*, 176 Misc. 682; *Matter of High* v. *Bd. of Education, N. Hempstead,* 169 Misc. 98.) The court must, therefore, assume that petitioner's agent did appear at the office of the County Treasurer on September 5, 1944, ready to pay the past due taxes and that he was told that the deed had been issued and that the taxes would not be received. Under such circumstances an actual tender would be unnecessary because an actual tender would be nothing more than a futile gesture (*Srasbourger* v. *Leerburger,* 233 N. Y. 55; *Shaner* v. *West Coast Life Ins. Co.,* 73 F. 2d 681, and cases therein cited).

In *Whittlesey* v. *Hoppenyan* (72 Wis. 140) it appeared that under the laws of that State land sold for taxes was subject to redemption at any time within three years from the date of a certificate of tax sale. In that case the certificate bore the date of September 4, 1866. The tax deed bore date of September 4, 1869. The court said: "The defendant rests his claim of title to the lots in question solely upon his tax deed of September 4, 1869 * * *. Such tax deed is void on its face, for the reason that it shows a tax sale of the lots on September 4, 1866, and the deed was executed September 4, 1869. *Sprecher* v. *Wakely,* 11 Wis. 432; *Lindsay* v. *Fay,* 25 Wis. 460. The deed could not have been lawfully executed until the expiration of three years after the date of the certificate of sale, and of course that could not bear a date earlier than September 4, 1866. Laws of 1859, ch. 22, secs. 18, 25. The three years did not expire, and no deed on such tax sale could lawfully be issued, before September 5, 1869. The lots were subject to redemption September 4, 1869. *Sprecher* v. *Wakeley,* 11 Wis. 432, and note (sec. 11); *Lindsay* v. *Fay,* 25 Wis. 460."

In *Flint et al.* v. *Koplin et al.* (104 Ore. 193) it was held that where a tax deed is prematurely issued it is void and conveys no title to the grantee. A similar ruling was made in *Palmaffy* v. *Cort* (100 N. J. Eq. 99). Weed on New York Real Property (3d ed., Vol. 3, p. 1637), under the heading *Redemption notices in general*, reads in part as follows: " A deed issued without the notice or on a defective notice does not terminate the period of redemption, and neither does a deed executed before the expiration of the time named in the notice."

Section 5–53.0 of the Nassau County Administrative Code provides, among other things, that the County Treasurer shall execute a tax deed only upon the filing of proof of service of notice upon owners and other interested persons as provided by section 5–51.0 of the code.

Section 5–51.0 of the code provides that a notice shall be given to an owner by the holder of an unsatisfied tax lien, which shall state, among other things, the last day of satisfaction of the tax lien, which day shall not be less than three months from the day of service of the same.

The situation in the case at bar is not changed by the provisions of subdivision g of section 5–51.0 of the aforesaid code which declares that the validity of any deed issued by the County Treasurer, pursuant to section 5–53.0 of the code, and the regularity of any proceedings prior to its delivery shall not be affected or impaired by failure to give the notice provided for by this section, but that such deed shall be as valid and effectual as if the notice had been regularly made and served. No claim is here being made that the required notice was not regularly made and served. The claim is rather that the County Treasurer failed to abide by the notice which he did serve, by giving a deed before the redemption date set forth in said notice had expired.

Under the alleged state of facts the owner had all of the 5th day of September, 1944, within which she might redeem. Since September 5, 1944, was the last day for the redemption, the action of the County Treasurer's office with respect to petitioner's appearance on that day would be clearly illegal and void. The prior issuance of a deed by the County Treasurer on that day would be in contravention of the petitioner's rights and would be illegal and void. Such a deed could not be used as a bar to an order of this court directing the County Treasurer to accept such taxes. Even the aforesaid subdivision g of section 5–51.0 makes provision for redemption after the delivery of the County Treasurer's deed, where a notice has been served

upon a person after it should have been served, so as to allow such person a full three-month period for redemption. Any statute which would attempt to validate a procedure such as petitioner claims was followed here would, in its very nature, be confiscatory of property rights and would no doubt be unable to stand the test of constitutionality.

The County Treasurer's attorney argues that petitioner has mistaken her remedy and that an action of ejectment should have been brought herein. It is true an action of ejectment might have determined the entire controversy. However, petitioner is free to choose her own procedure if such procedure is permissible.

In *Matter of Applicat'n of Clementi* v. *Jackson* (92 N. Y. 591) it appeared that prior to the passage of chapter 363 of the Laws of 1882 the petitioner's property had been sold for taxes, the purchase money paid and leases had been executed to the purchaser. The lower court directed the issuance of a peremptory writ of mandamus directed to respondent as registrar of arrears requiring him to receive from the petitioner therein the amount of taxes imposed upon her premises for the years 1868 and 1869 with certain interest, notwithstanding the prior tax sale. The court held that the statute did not validate the tax sales, that it merely validated the taxes which were illegally assessed and the owner had a right to discharge said taxes. The Court of Appeals held that the issuance of the peremptory order of mandamus by the lower court requiring the registrar of arrears to receive the taxes was proper. The court further held (p. 596): "This proceeding is not for an adjudication upon the title, but is a matter wholly between the relator and the respondent, to compel the latter to perform a statutory duty, the effect of which, in case of dispute, must be determined hereafter."

In the case at bar, too, the deed is being attacked collaterally and any finding, if the facts so warrant, in petitioner's favor would not be binding upon any future action with respect to the actual validity of the deed. Moreover, the petitioner, through her attorney, in open court, has withdrawn from her prayer for relief the request for the cancelation of the deed.

The only question before this court is as to the sufficiency of the petition. The petition is sustained. The petitioner will be allowed ten days from the date of the order to be entered hereon to serve upon respondent an amended petition setting forth therein the aforesaid amendment to the same.

The cross motion of the respondent to dismiss the petition is denied. The respondent will be permitted to answer within ten days after service of the amended petition. The application of the petitioner herein is adjourned to May 21, 1945, on which day the same shall appear on the day calendar of the Supreme Court of Nassau County, subject to the approval of the justice there presiding. Settle order on notice.