Donald S. Taylob, J.
This is an action instituted pursuant to article 15 of the Real Property Law to determine the defendant’s claim to real estate described in the amended complaint and to adjudge plaintiffs its lawful owners in fee. It was tried before the court without a jury. The direct evidence in the case is essentially undisputed. Much of the proof is documentary in nature embodied in a 35-paragraph stipulation executed by the attorneys for the parties.
The property consists of two parcels, one of 790 acres and the other of 200 acres. The larger parcel was conveyed to one Caleb S. Maltby by Garrison Davis and his wife by deed dated April 23,1881 and recorded April 26, 1881. The smaller, a triangular parcel lying northwest of the 790-acre parcel, was conveyed to Maltby by Herbert M. Hover and Avife by deed dated March 1, 1881 and recorded March 2, 1881. It is conceded that the plaintiffs are the successors in title to Maltby and that Avere it not for certain tax sales and deeds based thereon, through which the defendant claims title, the plaintiffs, as such successors, noAV would have title in fee to the lands which are the subject of the controversy. Thus the plaintiffs establish prima facie their case under article 15.
Based upon such sales and deeds, the answer alleges an estate in fee superior to the plaintiffs’, title in the State acquired by adverse possession and the defense of the Statute of Limitations.
Primarily the issues here, therefore, are whether or not the defendant has acquired title to the 790-acre parcel by virtue of the Ulster County Treasurer’s tax deed of 1884 based on the tax sale of October, 1882 for unpaid nonresident taxes assessed in 1881 and to the 200-acre piece by virtue of the State Comptroller’s tax deed of 1897 given in consequence of the tax sale of 1895 for unpaid nonresident taxes levied in 1891. The former stated that it was given pursuant to the tax sale of 1884 instead of 1882 which, on its face, would render the deed void. (Matter of Schwartz v. Hedger, 184 Misc. 876.) However, the evidence discloses, and I so find, that the date of the tax sale was erroneously recited therein and that its correct date was 1882. My conclusion is that the deeds are void for other and different reasons.
Both parcels were part of a 1,700-acre tract located in the Towns of Shandaken and Olive in Ulster County which was *833 acquired by the said Maltby in 1881. Shortly after that date the entire tract was in the actual occupancy of employees of Maltby. It then contained several houses, a barn, wagon house, blacksmith shop and six charcoal kilns, two of which were located on the property in dispute. The cleared parts of the tract were used for pasturing livestock, farming and the raising of fruit for commercial purposes. By means of log roads substantially traversing its entirety, the wooded areas were lumbered for use in the manufacture of charcoal. The finished product then was hauled by team and wagon to the railroad siding at West Shokan, some three miles distant, for shipment. Many of these conditions obtained until 1910. From that time it was visited twice a month by a caretaker until 1933 and.since then to the present ordinarily once a week by his successors. Such open, lawful use and possession of the property by its record title owners and their employees according to the circumstances and conditions there existing constituted actual occupancy of the tract, including the parcels here in dispute. (Miller v. Long Is. R. R. Co., 71 N. Y. 380; People v. Witherbee, 199 App. Div. 272; Stockdale v. Insurance Cos., 20 Wall. [87 U. S.] 323, 331; L. 1893, ch. 711, § 14; Tax Law, § 134; Civ. Prac. Act, § 38.)
At the time of the sale of the 790-acre parcel by the County Treasurer in 1882, the Tax Law of 1855 (ch. 427, § 68) was in effect and read in part: ‘ ‘ Whenever any lot * * * sold for taxes by the comptroller, and conveyed as hereinbefore provided, shall, at the time of the expiration of the two years given for the redemption thereof, or any part thereof, be in the actual occupancy of any person” written notice of the giving of the deed and to redeem must be given to such occupant. Section 50 of the statute set two years after the last day of the tax sale as the period for redemption which, in this instance, would have been October, 1884. Evidence of service of such notice to redeem was required to be recorded with the conveyance. (L. 1855, eh. 427, § 68.) By the Laws of 1881 (eh. 260, § 12) the pertinent provisions of the statute were made applicable to a tax sale by the Ulster County Treasurer.
Since the 790-acre parcel was occupied when the statutory time for redemption from the tax sale expired, notice to redeem it should have been given to the occupant and evidence of the service of the notice recorded with the tax deed. The record is barren of proof of compliance with these requirements. It follows that the deed to this parcel is void and that no title to these premises passed thereby to the defendant’s mesne grantor. *834 (Mabie v. Fuller, 255 N. Y. 194; Ostrander v. Reis, 206 N. Y. 448; People v. Ladew, 189 N. Y. 355, motion for reargument 190 N. Y. 543; Finch Pruyn & Co. v. People, 181 Misc. 122.)
Chapter 711 of the Laws of 1893 was in effect at the time of the State Comptroller’s tax sale of the 200-acre parcel in 1895. It contained not only requirements of notice and recordation but also created a conclusive presumption of regularity of the proceedings prior to the sale after a specific period of time. The Tax Law of 1896, in effect when the tax deed was given, contained a similar provision. These statutes furnish no support for the defendant’s claim of title to the 200-acre parcel through its tax deed. The sale on which it was based, as pointed out above, was for the- nonpayment of taxes levied against unknown owners in the part of the assessment roll devoted to nonresident lands. The tract assessed was then occupied by a caretaker for Maltby, a resident of the assessing town, who was domiciled on the only portion of the premises suitable for that purpose. Under settled law the premises should have been assessed to the resident occupant. The assessment, therefore, was illegal and void and was tantamount to no assessment at all. (People ex rel. Boenig v. Hegeman, 220 N. Y. 118; Joslyn v. Rockwell, 128 N. Y. 334; People ex rel. Barnard v. Wemple, 117 N. Y. 77; Clark v. Kirkland, 133 App. Div. 826, affd. 202 N. Y. 573; Hagner v. Hall, 10 App. Div. 581, affd. 159 N. Y. 552; People v. Durey, 126 Misc. 642; People v. Faxon, 111 Misc. 699.) It seems not to be disputed that Maltby paid all taxes levied against him as a taxable inhabitant.
In Cameron Estates v. Deering (308 N. Y. 24, 30) which construed a statute containing a similar conclusive presumption of the regularity of “ all proceedings prior to the sale, including the assessment of the lands sold ” after a given lapse of time, it was said: “ There is a vast difference between a tax deed voidable for irregularity in the proceedings and a tax deed void because the proceedings were a nullity due to prior payment of the tax. * * * Nonpayment being of the essence for the invoking of tax sale proceedings * * * there is a difference between giving effect to the presumption created by [statute] to a tax deed voidable for failure to comply with mandatory procedural requirements in a properly initiated proceeding [citing case] and a tax deed that is wholly void because the right to initiate the proceeding never existed” (p. 31). The invalid assessment here has likewise produced a void deed to the 200-acre parcel since the right to sell the premises at the tax sale never existed.
*835 The defenses alleged in the answer which have to do with time limitations constitute no valid bar to plaintiffs’ right to prosecute this action. The following quotation from Cameron Estates (supra, p. 31) demonstrates their unavailability for that purpose: “ A Statute of Limitations is one of repose designed to put an end to stale claims and was never intended to compel resort to legal remedies by one who is in complete enjoyment of all he claims (Cooley on Constitutional Limitations, p. 366), nor may it be used to transfer property from the true owner to a stranger simply because the void tax deed was not challenged within six years from the date of recording (Cromwell v. MacLean, 123 N. Y. 474). Courts in sister States have applied the same principle (Campbell v. City of Plymouth, 293 Mich. 84; Warren v. Indiana Tel. Co., 217 Ind. 93) which is reflected by leading text writers (3 Cooley on Taxation [4th ed.], § 1382; Blackwell on Tax Titles [5th ed.], § 155, and Burroughs on Taxation, p. 301).
“ The logic of such a view is inescapably correct, for otherwise the recording of the deed resulting from such a proceeding would transform the owner’s absolute title in fee simple into a right of action only, the exercise of which is subject to time limitation. * * '* When void tax deeds are attempted to be made prima facie evidence of the regularity of the proceedings, equity will interfere to permit removal as a cloud on title (Rich v. Braxton, 158 U. S. 375; Clark v. Davenport, 95 N. Y. 477; Trumbull v. Palmer, 104 App. Div. 51) which right may be invoked by the owner in possession at any time as 1 such a right is never barred by the Statute of Limitations. It is a continuing right which exists as long as there is an occasion for its exercise.’ ” (See, also, Gifford v. Whittemore, 4 A D 2d 379, 385, motion for reargument denied 4 A D 2d 843; Ford v. Clendenin, 215 N. Y. 10, 16; Greenberg v. Schwartz, 273 App. Div. 814.)
The blazing by the State of some, and not all, of the boundaries of the lots was not sufficiently hostile to ground any claim of adverse possession by it. Moreover, it appears from the testimony of a forest surveyor employed by the Conservation Department of the State, who surveyed the subject premises in 1924 and did the blazing, that land claimed to be owned by the State in the Catskill Park region was mapped first in 1899 and that periodic revisions thereof were made in 1911, 1924 and 1938. The last before the institution of this action (1938) indicates, he testified, that the State then made no claim to the major portion of the 200-acre parcel. *836 While a good argument crin be made that the deeds based on the nonpayment of the nonresident tax were void for duplicity (Dodd v. Boenig, 114 Misc. 144, affd. 198 App. Div. 1007; Middle Is. Land & Water Co. v. Hutner, 259 App. Div. 294), it is unnecessary to determine this issue. Publication by the Comptroller of the notice of sale and the notice to redeem did not operate to place him in possession of the lands since the State had no title at that time. (People v. Adirondack Power & Light Corp., 134 Misc. 329.)
Finally, I find no merit in plaintiffs’ contention that the description in the Comptroller’s deed of the 500-acre parcel, within the confines of which the 200-acre lot is located, was void for indefiniteness. (Lipton v. Bruce, 1 N Y 2d 631; Jackson v. Vickory, 1 Wend. 406; Ann. 139 A. L. R. 1180-1188.)
In summary, plaintiffs are entitled to the judgment which they seek. They have satisfied the statutory requirements of an action under article 15 of the Real Property Law. The burden rests upon the defendant to establish its claim of title as if it were a plaintiff in an action for ejectment. (Best Renting Co. v. City of New York, 248 N. Y. 491; Smith v. Dayton, 253 App. Div. 899; Merritt v. Smith, 50 App. Div. 349; Finch Pruyn & Co. v. People, 181 Misc. 122, supra.) It has not met this burden. Nor is there proof in the record from which any lien of the People of the State of New York is ascertainable pursuant to the provisions of section 985-a of the Civil Practice Act.
Judgment, without costs, is directed to be entered in favor of the plaintiffs against defendant for the relief demanded in the amended complaint and all motions inconsistent herewith upon which decision was reserved are denied with appropriate exceptions. The motion to strike the testimony of the witness, Raymond W. Bell, is also denied.
The above constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. (Costantini v. Costantini, 5 A D 2d 890; Joroco Silk Corp. v. Nova, 265 App. Div. 1061.)