John H. Pennock, J.
This is a motion for an order striking out defendant’s answer and directing the entry of summary judgment for the plaintiffs. The primary action was instituted pursuant to article 15 of the Real Property Actions and Proceedings Law to determine defendant’s claim to certain real property and to adjudge the plaintiff as lawful owner of the fee.
The defendant cross-moves for summary judgment in his favor. (CPLR 3212.)
This controversy resolves around a tax deed which was executed by the County Treasurer running to one Helen N. Lapp. She subsequently deeded the same premises to the defendant herein, John W. Senter. The tax deed was the Lapp source of title.
*814 First to focus on the events and dates necessary to dissect this real property tax question. The findings are numbered and shall be referred to hereinafter.
(1) October 7,1960. Tax Certificate sold to W. J. Cowee, Inc. by County Treasurer.
(2) October 6, 1961. Tax Certificate sold to W. J. Cowee by County Treasurer.
(3) July 1,1962. Helen N. Lapp redeemed Tax Certificate at No. 1 and No. 2.
(4) October 5, 1962. Helen N. Lapp purchased Tax Certificate.
(5) October 4, 1963. Helen N. Lapp purchased Tax Certificate.
(6) October 5, 1963. Helen N. Lapp requests deed from Treasurer. (Section 1018, 1020, Real Property Tax Law.)
(7) November 12, 1963. County conveys property as requested at No. 6.
(8) April 21, 1964. County Treasurer sent notice of cancellation of deed at No. 7.
The tax deed to Helen N. Lapp was based upon the unpaid taxes for the year 1960. This was an obvious error as the certificates issued were redeemed by the grantee herself. Therefore, there was no basis under the Real Property Tax Law for the County Treasurer, or the county, if it had bid in, to issue a deed. It makes no difference on the issue of the validity of the deed as to the procedure followed by the county in respect to the enforcement of the collection of taxes by tax sale as redemption under section 1010 of the Real Property Tax Law had been affected by “ any other person ”. (Real Property Tax Law, § 1010, subd. 1.) As to procedure of sale by treasurer or county. (Real Property Tax Law, §§ 1018, 1019.)
Now as to the mechanics of the notice of cancellation and cancellation of the tax deed pursuant to section 1026 of the Real Property Tax Law. It is here that the treasurer failed to explicitly follow the statute as he did not deliver to Helen N. Lapp an instrument of abandonment duly executed and acknowledged in the same manner as a deed. (Real Property Tax Law, § 1026, subd. 3.) He also failed to deliver such instrument of abandonment to the County Clerk and of course the County Clerk having no knowledge of the transaction could not record the instrument. (Real Property Tax Law, § 1026, subd. 3.)
It is this gray area of the procedure of the County Treasurer that creates this unique situation and presents the question to this court as the exactness of procedure required of officials when dealing with tax properties. It was not an omission to be looked *815 upon lightly as such failure leads to great confusion in the titles to property.
Therefore, it is determined that the treasurer must comply with section 1026 of the Real Property Tax Law before the present relief under article 15 of the Real Property Actions and Proceedings Law may be considered. It is also pointed out that upon such compliance with section 1026, a certiorari review by the court would be in order and thus the holder of the tax deed, or the successor in interest, would be protected. As a matter of fact, the Real Property Tax Law contains all the provisions and remedies to resolve the present conflict and I see no reason for this court to provide a make-shift remedy when the Legislature has dictated adequate remedy. (People v. Campbell, 156 N. Y. 64; People v. Chapin, 104 N. Y. 96; Helterline v. People, 295 N. Y. 245.)
Now we must look at the time which has elapsed and determine whether or not the plaintiffs’ cause can survive subdivision 3 of section 1020 of the Real Property Tax Law. 1 ‘ Every such conveyance shall be presumptive evidence that the sale * * * were regular * * After two years from the date of the record of such conveyance such presumption shall be conclusive; provided, however, that any such conveyance shall be subject to cancellation by reason of (a) the prior payment of the taxes, the non-payment of which resulted in the sale * * * (c) * * * if application is made to a court * * * within five years from the expiration of the period allowed by law for the redemption ’ ’.
This means that the court application can be made within six years, computed as follows; one year from date of tax certificate sale (Real Property Tax Law, § 1010), and five years from that date (Real Property Tax Law, § 1020, subd. 3; also, Union & New Haven Trust Co. v. People, 26 Misc 2d 831, affd. 15 A D 2d 1).
Therefore, in conclusion, the court determines that because of the abortive manner in which the notice of cancellation was performed, that the County Treasurer should be made a party hereto as its office shall be affected by the judgment. (Real Property Actions and Proceedings Law, § 1511, subd. 2.) That the present motion shall be held in abeyance pending the necessary procedures to make him or his successor a party. It is only in this manner that the County Treasurer’s tax deed may be annulled.
All of this directed procedure may very well be academic as the tax deed in question is not voidable for irregularity in proceeding but is void in fact because the issuance of the tax deed was a nullity due to prior payment of the tax by means of *816 redemption. However, because of the omission of the treasurer in delivering the notice of abandonment to the County Clerk it would be prudent to correct this omission by his, or his successors ’ executive act, rather than the court acting in his behalf.
Plaintiffs to submit an order vouching in the County Treasurer and the present motion to be continued pending his being made a party, and pending his filing the notice of abandonment.